[No. 10,589.—In Bank.]
January 14, 1881.

## PEOPLE v. AH FOOK.

OFFER TO BRIBE OFFICER.—Under Section 67, Penal Code, the crime of offering to bribe an executive officer is complete without the tender or production of the money.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of Sonoma. PRESSLEY, J.

*W. A. Cornwall*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

MORRISON, C. J.:

The defendant was prosecuted, by information, in the Superior Court of Sonoma County, and was found guilty of the crime of offering a bribe to an executive officer. The prosecution was under Section 67 of the Penal Code, which provides that " every person who gives or offers any bribe to any executive officer of this State, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer, is punishable by imprisonment in the State prison not less than one nor more than fourteen years;" and the charge was that "Ah Fook, on the first day of September, 1880, at the County of Sonoma, etc., to one W. H. Mead, then and there being an executive officer of the State of California, to wit, Deputy Constable, etc., a bribe, to wit, the sum of two hundred dollars, willfully, maliciously, and feloniously did offer, with intent, willfully and feloniously,

to influence said W. H. Mead in his action as such Deputy Constable, to wit, with intent, willfully and feloniously, to influence said W. H. Mead to discharge Me Youk, then and there held by said W. H. Mead, as Deputy Constable, under a warrant of arrest, issued, etc., which warrant charged Me Youk with the crime of grand larceny," etc. To this information a demurrer was filed, which was properly overruled by the Court.

The evidence shows that W. H. Mead was a Deputy Constable in the township of Santa Rosa, and as such, had in his custody, under a warrant of arrest, a Chinawoman named Me Youk, and the defendant had full knowledge of the above facts. For the purpose of getting the accused out of custody, the defendant said to the officer: "You catch him Chinawoman for me; get him out where I can get him in the buggy, I give you two hundred dollars." No money was tendered, and none exhibited. It is, therefore, claimed on behalf of the defense, that the proof failed to establish an offense under Section 67 of the Penal Code.

That section makes it a crime to offer a bribe to an executive officer, and the question here presented is, Was the crime complete without the tender or production of the money? Bouvier, in his Law Dictionary, defines an offer to be "a proposition to do a thing;" and Mr. Webster says an offer is "to bring to or before; to hold out; to present for acceptance or objection; to exhibit; to present in words; to proffer; to make a proposal to." The case of Worrall is in point. The defendant was indicted for offering a bribe to a Commissioner of the Revenue; and the evidence of his guilt was found in a letter written by him, containing the following language: "If I should be so happy in your recommendation of this work, I should think myself very ungrateful if I did not offer you one half of the profits as above stated; and I would deposit in your hand, at receiving the first payment, £350, and the other £350 at the last payment, when the work is finished and completed." The offer was made to an officer of the United States, for the purpose of obtaining a contract for building a light-house at Cape Hatteras, and upon it the defendant was tried and convicted. (*The United States* v. *Worrall*, 2 Dall. 384.)

"The latter commentators, supported, as I think, by the adjudged cases, however, maintain the broader doctrine, that any attempt to influence an officer in his official conduct, whether in the executive, legislative, or judicial department, by the offer of any reward or pecuniary consideration, is an indictable common-law misdemeanor." (*The State* v. *Ellis,* 33 N. J. L. 102; 1 Bishop's Cr. Law, § 689.) "Why is the mere unsuccessful attempt to bribe a criminal? The officer refuses to take the offered reward, and his integrity is untouched—his conduct uninfluenced by it. The reason for the law is plain. The offer is a sore temptation to the weak or the depraved. It tends to corrupt, and as the law abhors the least tendency to corruption, it punishes the act which is calculated to debase, and which may effect prejudicially the morals of the community." (*Walsh* v. *The People,* 65 Ill. 60.)

We are of the opinion that the evidence brought the case within the letter and spirit of Section 67 of the Penal Code.

2. The next point in the case is an exception to the ruling of the Court excluding evidence offered on behalf of the defense. An attempt was made to show that it is the practice among the Chinese of San Francisco to buy and sell women of their country. We do not see in what aspect of the case such evidence was competent, and are of the opinion that the Court below ruled correctly in excluding it.

3. The law was correctly given by the Court to the jury, and there was no error in refusing to give the second instruction asked for by the defendant.

4. The last point is, that the verdict was not sustained by the evidence. A careful examination of the bill of exceptions satisfied us, however, that there was sufficient evidence of guilt to justify the verdict.

We find no error in the case, and the judgment and order are affirmed.

ROSS, MYRICK, SHARPSTEIN, McKEE, THORNTON, and McKINSTRY, JJ., concurred.