ALFRED JOHNSON, JR., v. THE STATE.

No. 3519. Decided January 31, 1906.

**1.—Offer to Bribe Officer—Verdict—Judgment—Synonymous Terms.**

Where upon trial to offer to bribe an officer the verdict found defendant guilty of an attempt to bribe an officer, and the judgment found appellant guilty of the offense of an offer to bribe an officer, there was no error.

**2.—Same—Evidence—Arrest Without Warrant—Germane Testimony.**

The statutes provide that before one can bribe an officer to release a prisoner such officer must have the prisoner in legal custody; and it further provides that where there is not time enough for the officer to secure a warrant for the arrest of prisoner, being informed the crime has been committed, he can pursue the party where the offense committed is a felony and arrest without warrant; and there was no error upon a trial to offer to bribe an officer in permitting that officer to testify that some one informed him that a party had committed a forgery and was about to leave on the train, and that he had no time to procure a warrant and immediately made the arrest and that then defendant offered to bribe him to release the prisoner; and this, although the indictment, did not show what the prisoner was charged with, but merely alleged that the officer had the prisoner in legal custody.

Appeal from the District Court of Victoria. Tried below before Hon. J. C. Wilson.

Appeal from a conviction of an offer to bribe an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dupree & Pool,* for appellant.—On question of evidence, Florez v. State, 11 Texas Crim. App., 102; Moseley v. State, 25 id., 515. On question of verdict, 12 Cyc., 690.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an offer to bribe an officer, and his punishment fixed at two years confinement in the penitentiary.

The facts show that appellant offered Geo. H. Heck, sheriff of Victoria County, $10 to release from his custody, Malinda Lewis, whom the sheriff held as a prisoner under the charge of forgery.

Appellant in his motion for new trial complains that the verdict of the jury shows defendant is not guilty of any offense known to the laws of Texas. The verdict reads, "We, the jury, find the defendant guilty of an attempt to bribe an officer, as charged in the indictment, etc." The judgment finds appellant guilty of the offense of an offer to bribe an officer. We think an attempt to bribe is the same as an offer to bribe; and in our opinion there is no merit in appellant's position.

Upon the trial the State introduced Geo. H. Heck who testified, in substance, that he was sheriff of Victoria County; that in the early part of the night of September 9th last, Liebschutz came to the jail-house where witness was living at that time; that the courthouse was closed and the officers had gone home. Liebschutz was a policeman and deputy marshal of the town of Victoria. "When he arrived he told me that there had been a forgery committed down at Haller's store, in Victoria." At this point counsel for defendant objected to witness testifying about what Liebschutz told witness about a forgery. The district attorney stated that he expected to prove by this witness that Liebschutz came to witness' home at the jail, and reported to Heck that a forgery had been committed, and also that this case would develop an arrest without warrant, and that the evidence was admissible for the purpose of showing that witness was informed of the offense having been committed, and in order to justify witness in the action he subsequently took in the matter, under the article of the Code of Criminal Procedure which authorizes a peace officer to make an arrest when he is informed by a credible person that a felony has been committed, and there was not sufficient time for him to get process for the offender. Counsel for appellant objected to the testimony on the ground that appellant is not charged with a forgery, because the allegation of the indictment in the case on trial is, that Geo. H. Heck, sheriff of Victoria County, had in his lawful custody, one Malinda Lewis, a prisoner, but that indictment does not say that said Malinda Lewis was charged

with forgery or any specific crime at all. Defendant further objected, because the testimony of the witness as to what Liebschutz told him about an offense having been committed in Victoria or elsewhere is not proper evidence; had nothing to do with defendant; because the State can introduce the testimony only in support of the allegations in the indictment against appellant, which indictment alleges an effort by defendant to bribe the sheriff of Victoria; and said testimony is immaterial. Furthermore, that the evidence of the witness Liebschutz himself would be the best evidence of the statement made by said witness to the sheriff. All of these objections were overruled, and the sheriff testified, substantially, that Liebschutz informed him that Malinda Lewis had committed a forgery, and that she was to leave in about an hour on the train. It was then dark. All the officers from whom he could obtain a warrant had gone, and he went immediately and arrested Malinda Lewis, and had her in custody when appellant offered to give him $10, if he (sheriff) would release Malinda Lewis. Liebschutz was placed on the stand and testified to having told the sheriff the same facts that the sheriff testified to. The statute provides that before one can bribe an officer to release a prisoner, such officer must have the prisoner in legal custody; and further provides that where there is not time enough for the officer to secure a warrant for the arrest of a prisoner, being informed a crime has been committed, he can pursue the party, where the offense committed is a felony, and arrest without warrant. Therefore it became necessary to introduce all of this testimony to show that the officer had Malinda Lewis in legal custody. If he had had a warrant, this testimony, of course, would not have been necessary. But having arrested her upon information and in an emergency, it would be a legal arrest, and hence the testimony is not only germane but very material in order to make out the State's case. The fact that the indictment did not show what Malinda Lewis was charged with but merely says that he had her in legal custody, would not preclude the State from proving what she was charged with, and the mode, manner and method of arresting her, in order to show that she was in legal custody. Cortez v. State, 11 Texas Ct. Rep., 720; Moore v. State, 5 Texas Ct. Rep., 583.

We do not find any error in this record authorizing a reversal, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]