# CHARLESTON.

### STATE *v.* H. R. HARRAH.

### (No. 5164.)

### Submitted March 23, 1926. Decided March 30, 1926.

CRIMINAL LAW—*Indictment Charging Taking and Receiving Bribe by Juror Must Lay Venue of Offense in County in Which He Received or Accepted it (Code, C. 147 § 7; Const. Art. 3 § 14).*

An indictment under Section 7, Chapter 147 Code, charging the corrupt taking and receiving of a bribe by a juror, must lay the venue of the crime in the county in which he received or accepted it.

HATCHER, WOODS, JUDGES, absent.

(Criminal Law, 16 C. J. § 268.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Greenbrier County.

R. H. Harrah was convicted of accepting a bribe as a juror, and he brings error.

*Reversed.*

*Thomas N. Read* and *Thomas L. Read,* for plaintiff in error.
*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Asistant Attorney General for the State.

LITZ, PRESIDENT:

The defendant prosecutes error to the judgment of the circuit court of Greenbrier county, sentencing him to the county jail for six months and to pay a fine of $500.00, upon a verdict of the jury finding him guilty under an indictment charging:

> "That heretofore, to-wit, on the ......... day of June, 1923, there was pending and undetermined in the Circuit Court of said Greenbrier County a certain cause in which the State of West Virginia was plaintiff and William Blizzard and others were defendants, of which cause the said Court had jurisdiction, and in which cause the said William Blizzard and others were charged by an indictment with the crime of being accessories before the fact to the felonious, wilful, malicious, deliberate, and unlawful killing of one George Muncey, and which said indictment the said William Blizzard had heretofore pleaded not guilty and thrown himself upon the country, and the State had done the like and issue theretofore thereon joined, and thereupon, to-wit, on the ......... day of June, 1923, one H. R. Harrah and eleven other citizens of said Greenbrier County were duly tried, selected and sworn according to law, as a jury to try the issue joined in said cause and a true verdict render according to the evidence between the said State of West Virginia and the said defendant, William Blizzard; that after said H. R. Harrah had been so drawn and summoned as a juror in said cause and before he qualified as such juror, he the said H. R. Harrah unlawfully, corruptly, and wickedly

agreed in the event he was selected as one of the
jurors in said cause to accept and receive, as a
bribe and pecuniary reward from one G. C.
Hickey, a large sum of money, to-wit, six hundred
dollars of the value of six hundred dollars, under
an agreement and understanding that the vote,
opinion and judgment and action of him, the said
H. R. Harrah as such juror, would prevent the
conviction of said William Blizzard, by voting as
such juror for an acquittal of him, the said Wil-
liam Blizzard; that in pursuance of such corrupt,
unlawful and wicked understanding and agree-
ment between the said G. C. Hickey and the said
H. R. Harrah, he, the said H. R. Harrah, after
being selected and sworn, as one of the jury as
aforesaid, and as such juror did vote for the
acquittal of the defendant, William Blizzard and
did, after the jury was discharged in said cause
on the ......... day of July, 1923, corruptly and wick-
edly accept and receive from the said G. C. Hickey
in pursuance of the unlawful, corrupt and wicked
understanding and agreement hereinbefore set out
the sum of six hundred dollars for his vote as such
juror in favor of the said William Blizzard and
against the State, against the peace and dignity of
the State of West Virginia.''

Among the grounds assigned on demurrer to the indict-
ment, which was overruled, is that the venue of the alleged
crime is not laid within Greenbrier county.

In modern times the crime of bribery is defined as the
receiving or offer of any undue reward by or to any person
whose ordinary profession or business relates to the admin-
istration of public justice, in order to influence his behavior
in office, and incline him to act contrary to the known rules
of honesty and integrity; and it is also now held that the
agreement is the essence of the offense and when that is con-
summated the offense is complete, although the action con-
templated by the bribe is not performed. 4 R. C. L. pp. 177,
180; *State* v. *Lehman,* 182 Mo. 424, 81 S. W. 1118, 116 A. S. R.
39, note.

Section 7, Chapter 147, Code, under which the indictment
was found, provides:

> "Any person who gives or offers, or promises to give, any money or other thing of value to a \* \* \* juror (although not impaneled) with intent to bias his opinion or influence his decision in relation to any matter in which he is acting or is to act; and any such \* \* \* juror who corruptly takes or receives such money, or other thing, shall be confined in jail six months and fined not exceeding $500.00."

The corrupt taking or receiving by a juror of money or other thing of value constitutes the crime of bribery under the second division of the statute; therefore the county in which this act takes place is the venue of the crime and should be so alleged. "Trials of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, *and in the county where the alleged offense was committed,* unless upon petition of the accused and for good cause shown it is removed to some other county." Section 14, Article III, Constitution; *State v. Hobbs,* 37 W. Va. 812; *Ex parte Brinkman,* 93 W. Va. 351.

In *State of Ohio* v. *Knight and Gibson,* 54 O. S. 330, it is held that a prosecution against a county officer for soliciting a bribe outside of his county must be in the county where the bribe was solicited and not in the county where he holds office. The opinion states:

> "It is urged, on the part of the State, that as the official acts of the commissioners must usually be performed in Wood county, whatever action may be had elsewhere by them relates to and has its legal effect in the place of such official action, that a conviction in the county other than Wood could not result in a removal from office, that the injury resulting from the bribery of the commissioners would be to the injury of Wood county and that they should be tried among the people whom they have injured. While there is some plausibility in these claims, there is not enough weight in them to overcome the plain provision of the statute. \* \* \* The act complained of is the solicitation of a bribe. It is the solicitation that, under the statute, constitutes the crime. The object of the

statute is to guard against the corruption of the mind of the officer by receiving a bribe, soliciting a bribe, or being offered a bribe by another. Such corruption of the mind might, and most likely would, lead to official misconduct, and hence the first step is made criminal without looking or waiting for results. This first step was taken in Summit county, and such step began and completed the crime there, without any relation to what might occur thereafter in Wood county."

As the indictment is plainly defective, it will not be necessary to consider other assignments of error. The judgment of the lower court will be reversed, the verdict of the jury will be set aside, and the demurrer to the indictment sustained.

*Reversed.*