STATE OF WEST VIRGINIA *v.* LEE OVERHOLT

(No. 7186)

Submitted January 13, 1932.    Decided January 19, 1932.

*F. R. Hill,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

Defendant, Lee Overholt, was indicted, tried and convicted in Greenbrier county under chapter 152, section 8, Code 1923 (61-11-7, Code 1931), as an acessory after the fact. The indictment charges that Howard Cook on April 6, 1931, in Greenbrier county, committed the crime of robbery, and that afterwards, to-wit, on April ——, 1931, in Pocahontas county, defendant "did unlawfully receive, harbor, maintain, comfort and asist said Howard Cook and did in said county of Pocahontas aid and assist the said Howard Cook to avoid and escape arrest for said felony."

The statute provides that "an accessory, either before or after the fact, may, whether the principle felon be convicted or not, or be amenable to justice or not, be indicted, convicted, and punished in the county in which he became accessory, or in which the principal felon might be indicted. Any such acessory before the fact may be indicated either with such principal or separately."

The chief assignment of error is that the trial of defendant in Greenbrier county for accessorial acts committed in Pocahontas county, (notwithstanding the statute) is in violation of Article III, section 14 of the state constitution, which provides: "Trials of crime, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, *and in the county where the alleged offense was committed,* unless upon petition of the accused, and for good cause shown, it is removed to some other county." By reason of this constitutional provision, all crimes must be tried in the county in which they are com-

mitted. *State* v. *Lowe,* 21 W. Va. 782; *State* v. *Greer,* 22 W. Va. 800; *State* v. *McAllister,* 65 W. Va. 97, 63 S. E. 758; *Ex-parte Brinkman,* 93 W. Va. 351, 116 S. E. 757; *State* v. *Harrah,* 101 W. Va. 300, 132 S. E. 645. That part of the statute authorizing the indictment and trial of an accessory before the fact in the county in which the principal crime was committed has been held valid, upon the theory that the offense of such accessory is consummated at the time and place of the commission of the principal crime. *State* v. *Ellison,* 49 W. Va. 70, 38 S. E. 574; *Weil* v. *Black,* 76 W. Va. 685, 86 S. E. 666. "The crime of an accesory before the fact, though inchoate in the act of counseling, advising, aiding, abetting, hiring, and commanding, is not consummated until the deed is actually done. It is the doing of the deed, and not the counseling, advising, aiding, etc., merely, that makes the crime complete; and it is for the deed, the result of the counseling or procuring, and not for the counseling or procuring itself, that the accessory is indicted. Therefore the *locus in quo* of the offense of an accessory before the fact to a felony is in the county in which the felony is done. The crime is only complete when the felony is done, and the jurisdiction for the trial of the criminal may be where the felony is committed, and, under our statute, may also be in the county in which the accessorial act is done." *State* v. *Ellison,* cited. The offense of accessory after the fact, however, being subsequent to, cannot in any sense be said to have occurred at the time and place of, the principal crime. One does not become an accessory after the fact by reason of any connection with the crime itself, but because of his connection with the principal, and an accessory after the fact is not regarded as a partaker in the guilt of the principal, but his offense is considered as separate and independent of the main crime. 1 Brill, Cyc. Cr. Law, 439; 1 Bishop, Cr. Law, (9th), 497: *Yoe* v. *The People,* 49 Ill. 410; *Reynolds* v. *The People,* 83 Ill. 479; *People* v. *Galbo,* 112 N. E. 1041; *Strong* v. *State,* 105 S. W. 785; *People* v. *Chadwick,* 25 P. 737. Consequently, we are of opinion that the statute insofar as it authorizes the indictment and trial of an accessory after the fact in a

county other than that in which the accessorial acts are committed is in violation of the constitutional provision.

The judgment is, therefore, reversed and the indictment dismissed.

*Judgment reversed; indictment dismissed.*