STATE *v.* TOLLETT *et al.*

*(Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

448

W. F. BARRY, JR., Assistant Attorney-General, for the State.

D. M. GUINN and SAM W. PRICE, both of Johnson City, WADE FARMER, of Pikeville, LEWIS S. POPE, of Nashville, and E. M. JOHNSTON, W. H. CLARK, and GUY O. FERGUSON, all of Elizabethton, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Defendants in error, White Miller Tollett, Church Calvin Lester, Alva Ulysses Walling, and Thomas Lee

Walker, were jointly indicted for the murder of Roma Jean Gouge, Sonia Gouge, and Luena Gouge, in Carter County, Tennessee. There were three indictments and three counts in each indictment. In the third count of each indictment defendants in error, Walter Lee Walling, Johnnie Vaughn, Myrtle Ferguson, and Walter Ferguson, were charged with being accessories after the fact in Bledsoe County, Tennessee. The murders were alleged to have been committed in Carter County.

Defendants in error moved the court to quash the indictments as to them upon the ground that the indictments upon their face charged the defendants in error with being accessories after the fact in Bledsoe County, and that the legal venue of jurisdiction of such alleged offense is in Bledsoe County and not in Carter County.

The trial judge sustained the motion to quash the indictments, as to defendants in error. From this action of the court the State has appealed and assigned error.

The sole question presented for determination is whether the venue for the offense of accessory after the fact to the crime of murder is in the county where the murder was committed, or whether the venue is in the county where accessoried acts were committed.

The Tennessee Code defines accessories after the fact as follows:

"10764. **Accessories after the fact.**—A person who, after the commission of a felony, harbors, conceals, or aids the offender, with intent that he may avoid or escape from arrest, trial, conviction, or punishment, having knowledge or reasonable ground to believe that such offender is liable to arrest, has been arrested, is indicted or convicted, or has committed a felony, is an accessory after the fact."

450

Section 11472 of the Code is as follows:

"**Jurisdiction in the county.**—The local jurisdiction of all offenses, unless it is otherwise provided by law, is in the county in which the offense was committed."

Section 9, Article 1, of the Constitution of Tennessee provides, in part:

"That in all criminal prosecutions, the accused hath the right to . . . a speedy public trial by an impartial jury of the county in which the crime shall have been committed, . . ."

█ The constitution thus guarantees the accused a trial by a jury of the county wherein the crime was committed. *Speck* v. *State,* 66 Tenn. (7 Baxt.), 46; *Alexander* v. *State,* 50 Tenn. (3 Heisk.), 475, 481; *State* v. *Denton,* 46 Tenn. (6 Cold.), 539; *Kirk* v. *State,* 41 Tenn. (1 Cold.), 344; *Norris* v. *State,* 127 Tenn., 437, 155 S. W., 165.

█ Under section 10761 of the Code, the offense of accessory before the fact is made cognizable in any court having jurisdiction of the crime of the principal felon. In *State* v. *Ayers,* 67 Tenn. (8 Baxt.), 96, a case dealing with the offense of accessory before the fact, the court said:

"The offense is compounded of the connivance of the accessory and the actual killing by the principal felon, and the crime of the accessory, though inchoate in the act of counseling, hiring, or commanding, is not consummate until the deed is actually done. The law, in such case, holds the accessory before the fact to be guilty of the murder itself, not as principal, it is true, but as accessory before the fact, for it is the doing of the deed, and not the counseling, hiring, or commanding that makes his crime complete; and it is for the murder that he is

indicted, and not for the counseling and procuring. We hold, therefore, that the *locus in quo* of the offense of an accessory before the fact to the crime of murder, is the county in which the murder is done, and that the jurisdiction is there.''

The considerations, however, under which an accessory before the fact may constitutionally be held to answer for the offense in the county of the crime of the principal felon, are wholly lacking in the case of an accessory after the fact. There is no connection whatever between the commission of the crime by the principal felon and the offense of accessory after the fact. The two offenses are separate and distinct.

In *State* v. *Overholt,* 111 W. Va., 417, 162 S. E., 317, the court said, *inter alia*:

''The offense of accessory after the fact, however, being subsequent to, cannot in any sense be said to have occurred at the time and place of, the principal crime. One does not become an accessory after the fact by reason of any connection with the crime itself, but because of his connection with the principal, and an accessory after the fact is not regarded as a partaker in the guilt of the principal, but his offense is considered as separate and independent of the main crime.'' (Citing authorities.)

One cannot become an accessory after the fact, under section 10764 of the Code, until ''after the commission of a felony''; hence, it seems clear that the *locus in quo* of the felony has no bearing whatever on the venue of the offense of accessory after the fact.

Defendants in error, by indictments returned in Carter County were specifically charged with feloniously harboring, concealing and aiding, in Bledsoe County, the al-

leged perpetrators of the murder in Carter County to escape arrest, trial, conviction, or punishment.

We are of opinion that the indictment charging defendants in error with the offense of accessories after the fact in a county other than that in which the accessoried acts are alleged to have been committed were properly quashed by the trial judge.

Affirmed.