# Wytheville

RUTH FORD v. COMMONWEALTH OF VIRGINIA.

June 9, 1941.

Record No. 2434.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

*J. T. Coleman, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

The plaintiff in error, Mrs. Ruth Ford, hereinafter referred to as the defendant, was convicted of the statutory crime of bribery and sentenced to two years in the

state penitentiary. She asks this court to set aside the judgment of conviction, upon the grounds that it is not supported by the evidence and that the verdict of the jury is contrary to the law and the evidence.

Virginia Code, 1936, section 4496, defining bribery is, in part, as follows:

"If any person corruptly give, offer, or promise to any executive, legislative, or judicial officer, or to any candidate for such office, and either before or after he shall have qualified, or shall have taken his seat, any gift or gratuity, with intent to influence his act, vote, opinion, decision, or judgment on any matter, question, cause, or proceeding, which is or may be then pending, or may by law come or be brought before him in his official capacity, he shall, upon conviction, be confined in the penitentiary not less than one nor more than ten years. * * * "

Proceeding under the above section, a grand jury returned an indictment against Mrs. Ford charging that she "did unlawfully, feloniously and corruptly offer to pay to H. C. Matthews, an executive officer, a duly elected and qualified constable for * * * , sworn to discharge and perform the duties of said office, the sum of six dollars per week, to be paid to him as such executive officer, with intent to influence his acts as said Constable, she then and there well knowing the official character of said executive officer, H. C. Matthews; and so * * * , in manner and form aforesaid, did attempt and endeavor to bribe the said H. C. Matthews, an executive officer and Constable as aforesaid, to neglect and omit to do his duty as such Constable, * * * ."

At the trial, H. C. Matthews, the constable, testified that he stopped at the home of Mrs. Ford about seven P. M. on Sunday night, September 29, 1940, in response to a message he had received from her; that she began talking to him about collecting a claim which she said a man named Via owed her; that, during the course of their conversation and after asking him whether he was paid a salary or commission, she said to him, "You know we

are selling whiskey. You know that as well as I do. The people who bring whiskey here are beginning to get scared and if you will give us protection I will see that you are paid $6.00 a week for this protection.'' She also said that she knew that the constable and other officers would have to make a raid some time, but that he could manage this so that she would be notified in advance. No money was paid or tendered to the constable. She said that the money would be paid weekly in equal proportion by herself and two other named men. Matthews told her that he would let her know later about the proposition. He thereafter reported the matter to the Commonwealth's Attorney of Amherst County. The officer stated that no one was present but himself and Mrs. Ford when their conversation took place.

Mrs. Ford denied all of the statements of the officer, except that relating to the collection of her claim against Via. Her brother-in-law and another man testified that they were present during the interview between Mrs. Ford and the constable, and that Mrs. Ford did not say anything about whiskey or paying for protection. The record does not show that any criminal charge was then pending against Mrs. Ford or her associates.

The jury, after being fully instructed, returned a verdict finding Mrs. Ford "guilty of bribery as charged in the indictment * * * ." A motion to set aside the verdict as contrary to the law and the evidence and for misdirection of the jury was overruled. No ground of objection was made to the wording of the verdict.

There is little need to dwell at length upon the questions of fact. The evidence of the witness for the Commonwealth was direct, positive and substantial. The jury resolved the issue of fact against the accused. They had the right to accept the evidence of one witness and to reject that of the defendant and the other witnesses. This was within their peculiar province, a province that this court cannot usurp. She cannot be heard to successfully complain that she and her witnesses ought to have been believed instead of the constable.

■ In the second assignment of error, the defendant contends that Code, section 4496, does not embrace an offer to pay for protection for an offense to be thereafter committed, or to pay an officer for his failure to perform his duty in the future; but only applies as it affects the performance of his duty in connection with a charge pending against the promisor or someone else at the time the offer is made.

The comprehensive and inclusive language of the statute negatives this contention. It prohibits three specific acts,—the giving of a bribe, the offer of a bribe and the promise of a bribe, any one of which is a complete crime in itself. It applies where either of such acts are intended to influence the officer on any "matter, question, cause, or proceeding" which may be pending, or on any "matter, question, cause, or proceeding" which "may by law come or be brought before" him in his official capacity, and consequently applies to present causes or proceedings and to causes or proceedings which may arise in the future.

■■ The statute places the corrupt gift, offer, or promise all on the same plane. It defines each of such acts as bribery and provides the same punishment. An attempt to corrupt, evidenced by an offer or promise of a gift, constitutes bribery on the part of the offeror or promisor as fully and completely as if a corrupt gift had been made and accepted. The gist of the offense is the criminal intent to undermine the proper and orderly administration of justice. The crime is committed by the making of the corrupt offer.

■ "Bribery is the offering, giving, receiving, or soliciting of anything of value with intent to influence the recipient's action as a public official * * * ." 8 Am. Jur., Bribery, section 2.

"Bribery may be defined generally as a voluntary giving or offering to, or the acceptance by, any public officer or official, of any sum of money, present or thing of value, to influence such officer or official in the performance of

any official duty required of him, or to incline him to act contrary to known rules of honesty and integrity. Bribery is an offense against public justice, the gist of the crime being the wrong done to the people by corruption in the public service.'' 11 Corpus Juris Secundum, Bribery, section 1, subsection a.

Here the defendant not only sought immunity from past and present offenses, but from future law violations. Her admitted offenses were misdemeanors for which she could have been prosecuted within a period of one year, upon a warrant obtained by the constable to whom she talked. A future offense by her in Amherst county would become, during his term of office, a ''matter'' or ''cause'' which ''may by law come or be brought before'' Constable Matthews in his official capacity.

Bribery being in perversion of the administration of justice, it is as abhorrent in its tendency to shut the eyes of justice in the future as to bind its hands to the present. If, therefore, the offer or promise was made in consideration of immunity from arrest for crimes committed or contemplated to be committed, it would seem in ordinary comprehension to be a bribe with respect to a matter which might be a subject of official action.

The moral obliquity of the offenses charged is as great whether the action requested of the officer applies to a crime already committed or to one to be thereafter committed. In either event, the offense is the intention to poison and corrupt the source and fountain of justice,— a mischief designed to be remedied by the statutes. The same result occurs whether the influence is to be exerted as to a pending crime or to a crime to be committed in the future. The weight of authority supports this construction. *People* v. *Markham*, 64 Cal. 157, 30 P. 620, 49 Am. Rep. 700; *People* v. *Furlong*, 140 App. Div. 179, 125 N. Y. S. 164; *Commonwealth* v. *Lapham*, 156 Mass. 480, 31 N. E. 638; *Taylor* v. *State*, 174 Ga. 52, 162 S. E. 504; *Hinter* v. *State*, 70 Tex. Cr. 634, 159 S. W. 286; *Commonwealth* v. *Donovan*, 170 Mass. 228, 49 N. E. 104.

The defendant cites and relies upon *Newell* v. *Commonwealth*, 2 Wash. (2 Va.) 88. In that case there was a charge of a corrupt promise of a justice of the peace to vote for a county clerk. The opinions of the three judges are somewhat in confusion; but seem to rest upon the insufficiency of the information in describing the offense. This case cannot be regarded as an authority for such a construction of our present statute as the defendant here contends for.

■ ■ The defendant finally contends that the indictment charges only an attempt to commit the crime of bribery, and that the verdict of the jury finding her "guilty of bribery as charged in the indictment" is contrary to the charge of an attempt. This contention has been answered by what we have already said,—that the offer or promise of a gift in an attempt or endeavor to bribe is as much bribery as a gift actually made for the corrupt purpose.

The indictment specifically alleges, in the language of the statute, an offense which constitutes bribery. Its last clause reciting that the defendant "in manner and form aforesaid did attempt and endeavor to bribe," read, as it must be, in connection with the preceding allegations, charges bribery as defined in the statute. The language of the verdict, "guilty of bribery as charged in the indictment," is a verdict based upon the allegations of the indictment. Any other conclusion would be giving undue consideration to form and shadow rather than substance. While the law throws safeguards of protection around an accused, it does not seek technical excuses to enable criminals to escape the consequences of their crimes.

The judgment of the trial court is affirmed.

*Affirmed.*