# STATE v. JOHN E. LOWRIE.[1]

July 3, 1952.

No. 35,774.

[1]Reported in 54 N. W. (2d) 265.

J. A. A. *Burnquist*, Attorney General, and *Robert R. Dunlap*, County Attorney, for the State.

*Foley & Foley* and *Lawrence R. Lunde*, for defendant.

THOMAS GALLAGHER, JUSTICE.

On May 18, 1950, defendant was indicted by the grand jury of Wabasha county for "attempted bribery" of the county attorney of Wabasha county. At his arraignment on May 22, 1950, prior to entering a plea, he moved for an order quashing the indictment.

On June 15, 1950, the court made its order denying defendant's motion, and on June 23, 1950, certified certain questions of law to this court as important and doubtful. Those questions were disposed of in State v. Lowrie, 235 Minn. 82, 49 N. W. (2d) 631, and the case remanded for further proceedings.

On December 17, 1951, defendant was again arraigned on the original indictment, and, before pleading, he interposed a demurrer thereto. On January 26, 1952, the trial court made its order overruling the demurrer, but thereupon reported to this court that certain questions of law which arose in connection therewith were so important and doubtful as to require a decision by this court before further proceedings could be had.

The questions thus reported and certified are as follows:

(1) Does the indictment charge defendant with the crime of attempted bribery?

(2) If not, does it charge defendant with the commission of any crime?

In substance, the material parts of the indictment are as follows:

That defendant was the owner of a night club and cafe during the year 1949 in Wabasha county and, in connection therewith, desired and intended to engage in gambling through the use of coin-operated machines which were set up and in operation in his place of business.

That in conjunction therewith defendant desired protection from suppression of the coin-operated machines to be used in conjunction with such gambling and to further protect himself from prosecution for their illegal use.

That on or about May 15, 1949, with intent to bribe the county attorney of Wabasha county, defendant requested one Hollie Cliff to ascertain what amount of money would be necessary to be paid to the county attorney to permit defendant to conduct the illegal activities without suppression or prosecution.

That Hollie Cliff later reported to defendant that he could engage in the illegal activities upon payment of $1,600 to the county attorney of Wabasha county.

That defendant thereupon agreed to pay such amount to Hollie Cliff for the county attorney in installments as follows: $300 in June 1949; $300 in August 1949; $500 in November 1949; and $500 in December 1949.

That in furtherance of said agreement and with intent to bribe the county attorney defendant did make to said Hollie Cliff, for delivery to the county attorney, a payment of $300 in June 1949, one of $300 in August 1949, and one of $300 in November 1949. That thereupon, believing the bribery of the county attorney to have been accomplished, defendant engaged in the illegal gambling activities described.

■ M. S. A. 613.02 in substance defines bribery as giving or offering or causing to be given or offered to a public official a bribe or any money, property, or value of any kind, or promise with intent to influence him in the exercise of his powers or functions. Section 610.27 defines an attempt to commit a crime as: "An act done with intent to commit a crime and tending, but failing, to accomplish it, * * *." In 11 C. J. S., Bribery, § 6, it is stated that both at common law and under statute an attempt to bribe may be a criminal offense, even though there is no delivery of the gift offered to the official involved.

In construing § 610.27, this court has held that to consummate an attempt to commit a crime something more than the mere solici-

tation of another to commit it is necessary (State v. Lampe, 131 Minn. 65, 154 N. W. 737); that mere acts of preparation remote from the time and place of the intended crime, unaccompanied by other overt acts performed pursuant to the attempt, are insufficient to constitute such an attempt (State v. Lampe, *supra;* State v. Dumas, 118 Minn. 77, 136 N. W. 311, 41 L.R.A.(N.S.) 439; that no definite rule applicable to all cases can be laid down as to what constitutes an overt act or acts tending to accomplish a particular crime (State v. Dumas, *supra*); and that each case must depend largely upon its particular facts and the inferences which the jury may reasonably draw therefrom (State v. Dumas, *supra*).

■ An application of these principles to the present indictment leads to the conclusion that its specifications are insufficient to charge defendant with attempted bribery. At no place does it set forth that either defendant or his agent made contact directly or otherwise with the public official described therein. It does charge defendant's solicitation of another to attempt bribery of the official and outlines certain preparations undertaken to further this purpose; but, under the decisions cited, such acts, performed remote from the time and place of the intended crime, fall short of establishing an attempt. In many respects the situation is similar to that in State v. Lampe, where defendant was charged with attempted extortion because of payments made by him to two others to induce them to extort money from another. There this court stated (131 Minn. 69, 154 N. W. 738):

"* * * Mere acts of preparation are not sufficient, nor does the naked solicitation of another to commit a crime, unaccompanied by acts and preparation of the character stated, constitute an attempt within the meaning of the law. * * *

"* * * The evidence at most discloses only solicitations on the part of defendant, and the act of supplying his accomplices with expense money."

■ We have diligently reviewed numerous decisions cited in support of the principle relied upon by the state (11 C. J. S., Bribery,

§ 6), that under statutes such as those here involved attempted bribery may be consummated even though there be no actual delivery of the gift or reward offered to the public official. In no case cited in support of this general rule is there a situation where, as in the instant case, no contact, communication, or conversation whatever was had with the official sought to be bribed.[2] Under these circumstances and in the light of the very definite principles enunciated in State v. Lampe and State v. Dumas, *supra*, we must hold that the present indictment, limited only to charging defendant with solicitation and acts of preparation remote from the time and place of the intended bribery, is insufficient to charge him with attempted bribery.

■ With respect to the second question certified by the trial court, the state in its brief sets forth the following:

"The State submits that the answer to the second question certified by the trial court should be in the negative. The indictment by its terms accuses the defendant only with the crime of attempted bribery, and while in its allegations it may possibly contain facts sufficient to constitute some other crime, it does not charge the defendant with the commission of such crime."

With this summary we agree, and our answer to the second question, therefore, is in the negative.

Case remanded for such further proceedings consistent herewith as are required by law.

---

[2]People v. Ah Fook, 62 Cal. 493; Coleman v. State ex rel. Mitchell, 132 Fla. 845, 182 So. 627; People v. Peters, 265 Ill. 122, 106 N. E. 513; State v. Ellis, 33 N. J. L. 102, 97 Am. D. 707; State v. Armijo, 19 N. M. 345, 142 P. 1126; Commonwealth v. Baker, 146 Pa. Super. 559, 22 A. (2d) 602; Lee v. State, 47 Tex. Cr. 620, 85 S. W. 804; Johnson v. State, 49 Tex. Cr. 250, 92 S. W. 257; Ford v. Commonwealth, 177 Va. 889, 15 S. E. (2d) 50.