STATE OF WEST VIRGINIA

*v.*

DELMER GOOD

(CC 870)

Submitted April 25, 1967.    Decided July 11, 1967.

*C. Donald Robertson,* Attorney General, *Leo Catsonis, Morton I. Taber,* Assistant Attorneys General, for plaintiff.

*William Bruce Hoff, Daniel A. Ruley, Jr.,* for defendant.

BROWNING, JUDGE:

The defendant, Delmer Good, was indicted by the grand jurors attending the January, 1967, term of the Circuit Court of Jackson County in the following words and figures:

"That heretofore, to-wit, on the 14th day of August, 1965, a civil action was instituted by Jerry White, plaintiff, against Delmer Good, before Gay H. Duke, then and there being one of the Justices of the Peace

in and for Jackson County, West Virginia, his office being located in the Court House, Ripley District, Ripley, West Virginia, the said Gay H. Duke being then and there duly appointed, qualified and sworn to discharge and perform the duties of his said office; that Delmer Good was a duly elected Justice of the Peace of the said County of Jackson, his office being located in the Court House in Ripley District, Ripley, West Virginia; that said action was instituted before the said Gay H. Duke, Justice of the Peace, for the purpose of recovering from the said Delmer Good the sum of Thirteen ($13.00) Dollars for fine and costs improperly taxed and collected by the said Delmer Good, Justice of the Peace, on a traffic citation given the said Jerry White by O. G. Britton, then a member of the Department of Public Safety of West Virginia, the said citation having been directed by the said O. G. Britton to the said Gay H. Duke, Justice of the Peace as aforesaid; that on the 28th day of August, 1965, the civil action aforesaid being then and there pending and undetermined, the said Delmer Good, in the said County of Jackson, personally contacted Dovenor E. Jarrell, a duly elected, qualified and acting Justice of the Peace for said Jackson County, West Virginia, he, the said Delmer Good then and there knowing that the said Dovenor E. Jarrell was a duly elected and qualified Justice of the Peace for Jackson County, West Virginia, and informed the said Dovenor E. Jarrell that he, Delmer Good, was going to cause the said action, which said action was then and there pending before said Gay H. Duke, Justice of the Peace, to be transferred to the said Dovenor E. Jarrell, Justice of the Peace for Jackson County, West Virginia, and he, the said Delmer Good, did, on the 31st day of December, 1965, cause the said action to be transferred from the said court of Gay H. Duke, Justice of the Peace, to the court of the said Dovenor E. Jarrell, Justice of the Peace of Jackson County, West Virginia, his office being located in the Town of Ravenswood, Ravenswood

District, in said County and State, and on the said 28th day of August, 1965, the said Delmer Good, then and there knowing that offering United States Currency to the said Dovenor E. Jarrell, Justice of the Peace, by the said Delmer Good, for the purpose of biasing the opinion of Dovenor E. Jarrell, Justice of the Peace, or influencing the result of the decision in said action in favor of the said Delmer Good, would be in violation of the law of the State of West Virginia, and on the 28th day of August, 1965, while the said action was then and there pending and undetermined in the court of Gay H. Duke, Justice of the Peace aforesaid, he, the said Delmer Good, in the said County of Jackson and State of West Virginia, did unlawfully and feloniously attempt and directly offer to give money and United States Currency of the value of Fifty ($50.00) Dollars to the said Dovenor E. Jarrell, then and (sic) a duly elected, qualified and acting Justice of the Peace for said county and state, with intent to bribe and to bias the opinion and influence the decision of the said Dovenor E. Jarrell, Justice of the Peace, in favor of the said Delmer Good, in said action, which said action was then and there a matter in which he, the said Dovenor E. Jarrell, Justice of the Peace aforesaid, was to act, he, the said Delmer Good, then and there knowing that he, the said Dovenor E. Jarrell, was then and there a duly elected, qualified and acting Justice of the Peace, as aforesaid, against the peace and dignity of the state.''

Defendant demurred to the indictment, which demurrer was overruled, and the questions arising thereon were certified to this Court. The only certified question which this Court finds it necessary to consider is No. 1, which reads as follows: ''The indictment does not charge an offense under the applicable statute.''

Code, 61-5-7, as amended, provides: ''Any person who gives or offers, directly or through any other person or persons, or promises, directly or indirectly,

to give any money or other thing of value to a commissioner appointed by a court, auditor, justice of the peace, arbitrator, umpire, juror (although not impaneled), or other county official, either elected or appointed, with intent to bias his opinion or influence his decision in relation to any matter in which he is acting or is to act; and any such commissioner, auditor, justice of the peace, arbitrator, umpire, juror, or other county official, either elected or appointed, who corruptly takes or receives such money or other thing of value, or who agrees to take such money or other thing of value to bias or influence his opinion or action or both, shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years, and fined in addition thereto not exceeding five thousand dollars.''

The precise question presented has not been passed upon by this Court and is one of first impression, although in two cases which will be cited hereinafter this Court has considered the provisions of Code, 61-5-7, as amended. That section as well as Code, 61-5-4, as amended, has been a part of the law of this state since its formation. Code, 61-5-4, as amended, provides that it shall be an offense to ''bribe, by directly or indirectly giving to or bestowing upon, any executive, legislative, judicial, or ministerial officer of this State, or any member of the legislature, . . . any gift, gratuity, money, testimonial or other valuable thing . . . in order to influence him . . . on any matter, question, cause or proceeding . . . which is then or may thereafter be pending, or may by law come or be brought before him in his official capacity, . . . .'' The comparable language in Section 7 of this article, it will be observed, is: ''in which he is acting or is to act;''.

In *State v. Veterans of Foreign Wars*, 144 W. Va. 137, 107 S. E. 2d 353, this Court held that it was not a crime under Code, 61-5-4, as amended, to bribe or attempt to bribe a county sheriff inasmuch as the

language of that section referred only to a state officer of the character therein described or a member of the legislature, and that the trial court properly sustained a motion of the defendant to quash the indictment. By Chapter 37, Acts of the Legislature, Regular Session, 1959, Section 7, was amended to include "or other county official, either elected or appointed,". This Court has, on two occasions only, interpreted the provisions of Code, 61-5-7, as amended, and neither case is directly in point. However, in *State v. Harrah*, 101 W. Va. 300, 132 S. E. 654, although the indictment was held to be void because it did not lay the venue of the crime in the county in which the convicted juror had accepted a bribe, it is to be noted that the juror "had been so drawn and summoned" as a juror in said cause at the time he accepted the alleged bribe. In *State v. Lusk*, 16 W. Va. 767, the defendant was indicted for bribing an arbitrator. This Court in that case held that the indictment was good on the ground that since the indictment alleged that on the day before the bribe was offered the arbitrator "had duly qualified according to law to act as such arbitrator", it was not necessary that he should be actually "acting" but it could be reasonably implied that the arbitrator had accepted the trust and "was to act" in the matter. We have carefully considered the cases from other jurisdictions, cited by counsel for the state in their brief, and find that none is in point for the reason that the statute which was being construed does not contain the identical language of Code, 61-5-7, as amended, that is, "in which he is acting or is to act". Typical of those cases is *State v. Commonwealth*, 177 Va. 889, 15 S. E. 2d 50, where the indictment was held to be sufficient. However, this is the pertinent langauge of the Virginia statute: ". . . which is or may be then pending, or may by law come or be brought before him in his official capacity". The indictment in the instant case alleges that the defendant attempted to bribe Justice of the Peace Jarrell on August 28, 1965, whereas the case was not certified

from Justice Duke to Justice Jarrell for more than four months thereafter, to-wit, on the 31st day of December, 1965. The pertinent provisions of Code, 61-5-7, as amended, are clear and unambiguous and it is the view of this Court that on August 28, 1965, the alleged bribee was not "acting" or was not "to act" in the case in question and therefore that no crime is charged in the indictment. It might be otherwise if Section 7 contained the language of Section 4 or of the statutes from other jurisdictions cited by counsel. But we must presume that the legislature intended to provide in Section 7 that which the pertinent language so clearly and unambiguously states, that is, that the official must be "acting or is to act" before the offense can be committed.

The ruling of the Circuit Court of Jackson County in overruling the demurrer to the indictment is reversed, the first question certified to this Court is answered in the affirmative and the case is remanded with directions that the trial court sustain the demurrer of the defendant to the indictment.

*Reversed and remanded with directions.*