UNITED STATES of America, Plaintiff-Appellee,

v.

James E. WINGO, Defendant-Appellant.

No. 16976.

United States Court of Appeals Sixth Circuit.

April 12, 1968.

---

James H. Bateman, Nashville, Tenn., for appellant; William C. Wilson, Nashville, Tenn., on the brief.

Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, PHILLIPS, EDWARDS, CELEBREZZE, PECK, McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

Appellant was convicted following a jury trial on two counts of one indictment and six counts of another, all charging violation of Title 18 U.S.C. § 1952,[1] the Travel Act, and 18 U.S.C. § 2. The first count of indictment No. 13,746 charges that appellant placed a call from Dallas, Texas to Nashville, Tennessee with the intent to distribute the proceeds of, and to promote an unlawful activity, namely, prostitution, in violation of the laws of Tennessee. The second count charges that on the same date he caused one Barbara Jean White to send a telegraphic money order from Nashville, Tennessee, to him in Dallas, Texas with intent to distribute the proceeds of prostitution. Six counts of the other indictment, on which a conviction was had, charged Wingo with either making telephone calls to Nashville, Tennessee from some other state with the intent of distributing the proceeds of prostitution, or with causing someone to wire him the proceeds of prostitution from Nashville, Tennessee to another state. The remaining count on which he was convicted charged that appellant caused Louise Wingo to travel in interstate commerce from Nashville to Dallas, Texas, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establish-

---

1. (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

    (1) distribute the proceeds of any unlawful activity; or

    (2) commit any crime of violence to further any unlawful activity; or

    (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in sub-

paragraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

    (b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics, or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

    * * *

ment or carrying on of an unlawful activity, that is, prostitution.

Appellant has been engaged in promoting prostitution for many years and during the periods with which the indictments are concerned operated a house of prostitution in Nashville, Tennessee. At the same time, he was also engaged in the legitimate business of interstate produce hauling by truck from a Nashville base of operations. The evidence clearly establishes and appellant admits that he used interstate facilities to request and receive the transmission of funds on the dates charged in the indictments.

The appeal raises the question of the sufficiency of the evidence to permit the jury to find that these funds were proceeds of his concededly illicit occupation. It also questions the sufficiency of the evidence to establish that he transported his then wife, who was also a prostitute, from Tennessee to Texas with the intent to promote or facilitate the carrying on his unlawful calling. Finally, it raises the question of the correctness of an illustration employed by the District Court in its instructions to the jury.

■ A careful examination of the record reveals the existence of a jury question in each of the counts charging the interstate request and transmission of proceeds of prostitution.

■ The count which charges appellant with knowingly causing Louise Win-

go (his former wife) to travel in interstate commerce from Nashville, Tennessee to Dallas, Texas with intent to promote the carrying on of prostitution also finds ample evidentiary support. The uncontradicted facts show that Louise, who had been introduced into prostitution after bearing appellant's children, had become addicted to "dope" and that this affliction impaired her efficiency as a prostitute. The purpose of the trip to Texas was to permit her to rest and recuperate in the home of appellant's parents. She testified that appellant, who suggested and financed the trip, " * * * said I would be better balanced and better equipped to work * * * [at] prostitution." Compare Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944), where the interstate transportation of prostitutes was on an innocent vacation and in no way related to the practice of their trade.

■ Finally, the contention relating to the example [2] employed in the jury instructions is also without merit. Appellant, relying on Smith v. United States, 230 F.2d 935 (6th Cir. 1956), claims that the illustration did not incorporate his contention advanced in defense that the transmitted funds were proceeds of his lawful trucking business. Other portions of the charge, however, fairly set forth his theory. See United States v. Stirone, 311 F.2d 277 (3rd Cir. 1962). The only

2. "Now, that means this, if I may put an example which would be closely analogous to this particular case, if a person in Tennessee, a resident in Tennessee is engaged in a gambling operation, we will say, which is in violation of state law, and this particular person makes a trip to New Orleans for a legitimate purpose not connected with gambling, but merely makes a trip to New Orleans, and he makes such a trip, and while there, he wants to buy an automobile but doesn't have sufficient funds, and he calls up on the telephone to his gambling operation, someone in charge of it, and asks that person to send him so much money to assist him in buying the car in New Orleans, and the money is forwarded to him, and he thereafter, after receiving the money, he thereafter returns to Nashville and performs some act or acts to further carry on the gambling operation, this would be a violation of the statute, because this person would be using an interstate facility, the mail, and causing a money order to be sent to him with the intent and purpose to distribute the proceeds of an unlawful enterprise because gambling in Tennessee would be unlawful, and when he causes the interstate facilities to be used to have this money distributed to him in New Orleans, he would be intending that the money be distributed by the use of interstate facilities, and if he followed that up by coming back to Tennessee to perform some further act to carry out the unlawful enterprise, he would be guilty."

error in the illustration, the requirement of a further act to carry out the unlawful enterprise, favored appellant.

Affirmed.