**STATE of Minnesota, Respondent,**

v.

**Henry (NMN) RITTER, Appellant.**

No. C9–91–2020.

Court of Appeals of Minnesota.

July 7, 1992.

Review Denied Aug. 27, 1992.

## FACTS

Conservation officers encountered a group of individuals, including appellant Henry Ritter, standing near some vehicles on a minimum maintenance road in Todd County. At the officers' request, each person produced a valid hunting license. The officers asked how hunting had been and the group responded, according to the stipulation, "that their success may improve after making a drive."

The officers suspected Ritter was intoxicated. When they asked him where he would be hunting, Ritter replied that he and the others were going to hunt on the northwest corner of his land. Although one officer inspected Ritter's shotgun and saw that it was unloaded, Ritter had shotgun slugs in his pocket. At no time was Ritter in possession of a loaded weapon, nor in the field with a weapon. As Ritter began to walk across the field towards his home without his shotgun, he was arrested for "hunting while intoxicated." A subsequent breath test produced a .18 reading.

On these facts, the trial court found Ritter guilty of "tak[ing] * * * wild animals while intoxicated" in violation of Minn.Stat. § 97B.065 (1990).

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, for respondent.

John C. Quam, Detroit Lakes, for appellant.

Considered and decided by RANDALL, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

KLAPHAKE, Judge.

This appeal is taken from a judgment of conviction for hunting while intoxicated, Minn.Stat. § 97B.065 (1990). The state's case against appellant Henry Ritter was tried to the court on stipulated facts and he challenges only the application of the statute to his conduct. We reverse and order entry of judgment of acquittal.

## ISSUE

Did Ritter's conduct, as stipulated, fit the statutory definition of taking protected wild animals while intoxicated?

## ANALYSIS

Minn.Stat. § 97B.065 (1990) provides:

A person may not take protected wild animals with a firearm or by archery while under the influence of alcohol or a controlled substance.

"Taking" is defined as:

pursuing, shooting, killing, capturing, snaring, angling, spearing, or netting wild animals, or placing, setting, drawing, or using a net, trap, or other device to take wild animals. *Taking includes attempting to take wild animals*, and assisting another person in taking wild animals.

Minn.Stat. § 97A.015, subd. 47 (1990) (emphasis added).

The trial court concluded that an "attempt" under the hunting while intoxicated statute is simply another means of committing the substantive offense and is not a distinct crime. The court concluded that Ritter's acts constituted an attempted taking and thus violated Minn.Stat. § 97B.065. Because this is an issue of statutory construction, we review it de novo. *Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

The state argues that the definition of a criminal attempt in Minn.Stat. § 609.-17, subd. 1 (1990) should apply in determining what is an "attempt to take" in Minn. Stat. § 97A.015, subd. 47. *See generally* Minn.Stat. § 609.015, subd. 2 (1990) (criminal code provisions may apply to other statutory crimes). We disagree. An "attempt" under the criminal code is a distinct crime whose penalty may not be more than half that of the substantive offense. Minn. Stat. § 609.17, subd. 4(2) (1990). Here, Ritter was not charged with the crime of attempted hunting while intoxicated.

Neither can the criminal code definition of "attempt" be equated with the meaning of "attempting," in the definition of "taking." Penal statutes are to be strictly construed. *State v. Soto*, 378 N.W.2d 625, 627 (Minn.1985). Under the principle of *ejusdem generis*, the general term "attempting" must be "construed to be restricted in [its] meaning by preceding particular words." Minn.Stat. § 645.08(3) (1990). This principle is "especially applicable to statutes defining crimes." *State v. End*, 232 Minn. 266, 272, 45 N.W.2d 378, 381 (1951).

The specific terms preceding "attempting to take" are "pursuing, shooting, killing, capturing, snaring," and other active verbs. Minn.Stat. § 97A.015, subd. 47 (1990). Ritter's conduct in being near a hunting area, possessing an unloaded weapon, or being on the verge of pursuing game cannot be equated with the activities specifically enumerated. It is irrelevant that his conduct *may* constitute an "attempt" under the criminal code. *Cf. State v. Lowrie*, 237 Minn. 240, 243, 54 N.W.2d 265, 266–67 (1952) (acts of mere preparation remote from the time and place of the intended crime are not sufficient to constitute attempt).

The legislature could have created the offense of being in possession of a firearm while under the influence of alcohol, but has not done so. We believe the conservation officers acted properly in intervening to prevent the offense. Such intervention could be encouraged by a broader definition of the offense. *See generally* 2 Wayne R. LaFave & Austin W. Scott, *Substantive Criminal Law* § 6.2, p. 22 (West 1986) (purposes of attempt liability). However, Ritter's conduct does not fit within the statutory definition of the offense.

## DECISION

Appellant's stipulated conduct, although preparatory to hunting, did not constitute attempting to take within the meaning of the statute.

Reversed and judgment of acquittal entered.