WALDO WHITNEY *vs.* INHABITANTS OF LEOMINSTER.

Worcester.   Oct. 2. — 20, 1883.   FIELD & W. ALLEN, JJ., absent.

In an action against a town for injuries occasioned by an alleged defect in a highway, the evidence was conflicting on the question of the speed at which the plaintiff was driving his horse at the time. *Held,* that the defendant was entitled to put in evidence that the horse, both before and after the accident, had been driven at a certain rate of speed on a race-course, as tending to show the capacity of the horse for speed, and as bearing upon the probability of the testimony as to his speed at the time of the accident.

TORT, for personal injuries sustained by the plaintiff, on January 29, 1881, by reason of an alleged defect in a highway in the defendant town. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows:

The defendant contended that the plaintiff was not in the exercise of due care at the time of the injury, and offered evidence tending to show that he was driving his horse at a high rate of speed at the time, one of the witnesses estimating it at fifteen miles an hour. The defendant offered evidence that the horse of the plaintiff had been driven on a race-course, at times prior and subsequent to the time of the plaintiff's injury,

at the rate of speed of a mile in three minutes. To the admission of this last evidence the plaintiff objected, but the judge admitted it.

It appeared in evidence that it was good sleighing, and that the plaintiff had been at his place of business, about one mile and a half from home, and was going towards home on a cold winter afternoon. The plaintiff testified that he was driving at the time of the injury at a rate of about five or six miles an hour, which was about the common gait of the horse, a little slower if anything, as he had two men with him in the sleigh. The plaintiff also testified, on cross-examination, against some objection on his own part, but without exception being taken, that he thought his horse could trot a mile in about three minutes.

The judge, in admitting the above evidence offered by the defendant as to the speed at which the horse had been driven, said he admitted it as tending to show the capacity for speed of the plaintiff's horse, and as bearing upon the reasonableness and probability of the respective testimony as to his actual speed under the circumstances at the time of the accident.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. C. Hartwell*, for the plaintiff.

*F. P. Goulding & H. Mayo*, for the defendant.

DEVENS, J. It was in controversy whether the plaintiff was in the exercise of due care, and there was evidence tending to show that he was driving at a high rate of speed, one of the witnesses estimating it at fifteen miles an hour. As tending to show the capacity of the plaintiff's horse for speed, and as bearing upon the probability of the testimony as to his actual speed at the time of the accident, the defendant was permitted to show that the horse had been driven on a race-course at the rate of a mile in three minutes. As thus limited, the evidence was competent. The fact to be determined was undoubtedly the rate of speed at which the horse was driven at the time of the accident; but when the testimony showed a very high rate of speed, as bearing upon its reasonableness and probability, it was competent to show that he had a great capacity for speed, even if it might also be true that he was not then driven at his full speed. It would have been competent for the plaintiff to show, in

answer to the defendant's testimony, that the horse was incapable of such a rate as fifteen miles an hour, and that he could not be driven or urged more than five miles an hour. The evidence offered and received here was of the same description, even if less conclusive.

Where the evidence is conflicting as to whether an accident has occurred entirely by reason of a defect in the way, for which the defendant is responsible, or by reason of the fact that the vicious character and conduct of the horse which the plaintiff was driving have contributed thereto, evidence of the character and habits of the horse is admissible. Although the accident may have occurred, even if the horse were vicious, solely by the defect in the way, yet evidence of the existence of a vice in the horse legitimately bears upon the inquiry as to the cause of the accident, and is not irrelevant. *Todd* v. *Rowley*, 8 Allen, 51. *Maggi* v. *Cutts*, 123 Mass. 535.

While in *Tuttle* v. *Lawrence*, 119 Mass. 276, the rejection of evidence of the capacity for speed of the horse which the plaintiff was driving, when offered by the defendant to contradict statements elicited by him on cross-examination, and not appearing to have had any necessary bearing upon the rate of speed at which the horse was travelling at the time of the accident, was held not to furnish just ground of exception, it was so for the reason that it was deemed to be within the discretion of the presiding judge to limit the inquiry to the speed at which the horse was capable of going. It by no means follows from this decision, that, had the evidence thus offered been received, its admission would have furnished ground of exception.

We have preferred to discuss this question, although there is another reason arising from the position of the case which is decisive against the excepting party. The plaintiff himself had testified, against his own objection, but without exception on his part, that the horse could trot a mile in three minutes. The evidence offered by the defendant was only confirmatory of this. If it were otherwise incompetent, it simply tended to prove a fact which the plaintiff himself conceded, and cannot have been prejudicial to him. *Doane* v. *Baker*, 6 Allen, 260. *Peebles* v. *Boston & Albany Railroad*, 112 Mass. 498.

*Exceptions overruled.*