# Caruthers *v.* The State.

### *Indictment for Offer to Bribe Juror.*

1. *Bribery of juror; offer of "gift, gratuity, or thing of value."*—Under the statute denouncing the offer to bribe a juror, by the promise of "any gift, gratuity, or thing of value" (Code, § 4118), a conviction may be had on proof of an offer by the defendant, while on trial for another offense, to give his labor or services to one of the jurors, if he would procure an acquittal; as, to "*chop cotton for a week, if he would clear him.*"

2. *Same; sufficiency of indictment.*—When the indictment alleges that the juror was, at the time of the offer to bribe him, engaged with eleven other jurors in the trial of the defendant for a designated offense, it is unnecessary to further allege that he had been summoned, or sworn and impanelled; and an averment that the indictment was for "disturbing females at a public assembly" (Code, § 4200), is a sufficient description of the offense for which the defendant was on trial.

3. *Same; admissibility as evidence, of writing containing offer.*—The offer to the juror having been made in writing, which was proved to have been delivered by his request to the juror, and to which his name was signed, but not spelled as in the indictment,—as *Carethers*, instead of *Caruthers;* the writing is properly allowed to go to the jury, notwithstanding the discrepancy, and although it was not addressed to the juror by name, and did not offer to work for him.

From the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

The indictment in this case charged, that the defendant, "Spencer Caruthers, did corruptly offer or promise John T. Bell, who was then and there a petit juror, with eleven other petit jurors of the Circuit Court of Barbour county, at Clayton, Spring term, 1883, engaged in the trial of said Spencer Caruthers on an indictment for disturbing females at a public assembly, after said John T. Bell, petit juror as aforesaid, with said eleven other petit jurors, had retired to the jury room, and were considering their verdict on said indictment, a gift, gratuity, or thing of value, to-wit, to chop cotton a week, with the intent to bias the mind, or influence the decision of the said John T. Bell; against the peace," &c. The defendant demurred to the indictment, on these several grounds: 1st, "because it does not aver that said Bell had been summoned as a juror;" 2d, "because it does not aver that said Bell and the eleven others were sworn and impanelled as a jury for the trial of any cause;" 3d, "because it does not aver that the alleged jury, of whom said Bell is alleged to have been one, were at the time

[Caruthers v. The State.]

engaged in the trial of any cause;" 4th, "because there is no such offense as disturbing females at a public assembly;" 5th, "because the act set forth in the indictment does not constitute an offer to bribe by the defendant, and is not an offer of any gift, gratuity, or thing of value." The court overruled the demurrer, and the defendant pleaded not guilty. On the trial, as the bill of exceptions shows, said John T. Bell, being introduced as a witness for the prosecution, "testified in substance that, at the Spring term of said Circuit Court, 1883, he was regularly summoned as a juror; that he and eleven others, duly sworn jurors, were impanelled during said term for the trial of said Spencer Caruthers, who was indicted under section 4200 of the Code; that after said jury had retired to make up their verdict, he heard the defendant call one Lewis, and say to him, ' *Give that to Mr. Bell;*' and that said Lewis, a few minutes afterwards, handed him a paper," which was produced, and on which these words were written in pencil marks: " *if you Will clare me Will chop cotton a Week;*" signed, " *Spencer Carethers.*" The defendant objected to the admission of this paper as evidence, "because it did not correspond to the allegation in the indictment;" and "because it did not show when and where said Spencer would chop cotton;" and "because it did not contain an offer to chop cotton for any particular person, and was not a promise to chop cotton for said Bell;" and "because it was not the offer of any gift, gratuity, or thing of value." The court overruled these several objections, and admitted the paper as evidence; to which rulings the defendant excepted.

J. M. WHITE, and H. D. CLAYTON, Jr., for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

SOMERVILLE, J.—The indictment charges the defendant with offering to bribe a juror, in violation of section 4118 of the present Code (1876). One of the offenses denounced by this section is corruptly offering or promising to a juror "any gift, gratuity, or thing of value," with intent to bias his mind, or influence his decision, in relation to any cause or matter pending in any of the courts of this State.

The substance of the offer or promise proved to have been made by the defendant to the juror, Bell, was, that he would " *chop cotton* a week," if the juror would clear or acquit him. This, in our opinion, was " a gift, *gratuity,* or *thing of value,*" within the meaning of the statute. The word *thing* does not necessarily mean a *substance.* In its more generic signification it includes an act, or action. So, the word *gratuity* embraces any recompense, or benefit of pecuniary value. The crime

[McQueen v. Lampley.]

charged is closely analogous to that of *embracery* at common law, which has been defined to be, "an attempt to influence a jury corruptly, to one side, by promises, persuasions, entreaties, money, entertainments and the like."—4 Cooley's Black. Com. 140; 1 Russell Cr. *264. The evil of the offense is its tendency to pervert the administration of justice, by tempting jurors to act contrary to the known rules of honesty and integrity. The promise of the defendant to give his *labor* or *services*, as a reward for the corrupt violation of the juror's sworn duty, is a "gift, gratuity, or thing of value," within the signification of the statute.

It was unnecessary to allege in the indictment that the juror, Bell, had been summoned, or sworn and impanelled. It was sufficient that he was alleged to be a petit *juror*, engaged, at the time of the offer, with eleven other petit jurors, in the trial of the defendant on an indictment for a specified offense.

A general description of this offense was all that was requisite. The allegation that the indictment was for "disturbing females at a public assembly" was sufficiently certain to be free from the vice of ambiguity.—Code, 1876, § 4200.

The paper writing signed Spencer *Carethers*, which contains the offer or promise, was properly admitted in evidence. It was shown to come from the hands of the defendant, and to have been transmitted by his authority to the juror. The identity of the defendant with the author of the paper was a matter of inference for the jury. So, with the inquiry as *to whom* the bribe in question was proposed to be offered.

We find no error in the record, and the judgment is affirmed.