## COMMONWEALTH vs. JOSEPH BEAN.

Worcester. Sept. 30. — Oct. 24, 1884. C. ALLEN & COLBURN, JJ., absent.

At the trial of an indictment for an assault with intent to commit a rape upon a girl, evidence that the defendant, about a month before the assault, invited the girl to walk with him to certain woods, and that, about five weeks after the assault, he followed her in a street at night, is admissible, in the discretion of the presiding judge.

INDICTMENT charging the defendant, on May 1, 1884, at Clinton, with an assault with intent to commit a rape upon a girl. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The government called the girl, who was seventeen years old, as a witness, and she testified to facts tending to sustain the charge in the indictment.

It was contended that the alleged offence was committed on May 21, 1884, and the complaint was not made until July 2, 1884. The defendant testified in his own behalf, and, on cross-examination, was asked, against his objection, whether he invited the girl to walk with him to the Berlin woods one evening about a month prior to the alleged assault, and whether he followed her one night a week before the arrest in a street in Clinton until she obtained admission to the house of one Burditt. He denied doing either. The government in rebuttal called the girl, who testified that, about a month before the alleged assault, the defendant overtook her on a road one evening and asked her to walk with him to the Berlin woods, and she refused; that a week before the arrest of the defendant, which was five weeks after the alleged assault, she saw a man apparently following her in the street at night; that she was frightened, and went to the house of a friend, where she was intending to spend the night, and, not finding her in, started for one Burditt's house, still frightened and followed by the man; and that she was admitted to Burditt's house. Two witnesses, who were at Burditt's house, testified that they looked directly out of the window and recognized the defendant standing in the gas light in front of Burditt's house.

The defendant objected to the admission of all this evidence; but the judge admitted it.

The defendant asked the judge to instruct the jury, that the evidence offered as to prior or subsequent acts of the defendant was not competent as tending to prove the crime charged; and that such evidence was not competent to show the intent charged in this case.

The judge refused to give these instructions, but instructed the jury that the evidence of the instances of the defendant following the girl, on the nights both before and after the time of the offence charged in the indictment, was proper for their consideration, in connection with her testimony, and on the question of intent, as tending to show a course of conduct designed to get the control of her person for lustful purposes.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Hopkins & J. W. Corcoran,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

MORTON, C. J. The burden was upon the government to prove that the defendant assaulted the girl with the intent to ravish her. The evidence that the defendant, about a month before the assault, invited her to walk with him to the Berlin woods, and that, about five weeks after the assault, he followed her in the street at night, was admissible in the discretion of the presiding judge. These acts of the defendant had some tendency to show a continuing lustful purpose, and, if so interpreted by the jury, they tended to show the intent with which the assault was committed. *Commonwealth* v. *Bradford,* 126 Mass. 42. *Thayer* v. *Thayer,* 101 Mass. 111.

*Exceptions overruled.*