B. P. Osborn *v.* The State.

(*Nashville,* December Term, 1929.)

Opinion filed May 24, 1930.

DAVID HIMMELSTEIN and WM. MARTIN, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was convicted of bribery and sentenced to imprisonment for an indeterminate term of from two to five years. The indictment charged, in substance, that Osborn corruptly bargained with one Rainey Creswell to stand for acquittal if selected as a juror in the cause of *State* v. *Liggett,* and carried out the corrupt agreement thus made in consideration of Creswell's promise and assurance to pay him money for the unlawful act after his discharge as a juror.

It is insisted that the indictment states no offense under the statutes, Code sections 4799-4801; Shannon's Code, sections 6703-6705, and that the trial judge should have sustained the motion to quash the indictment, which was duly entered, and also the motion in arrest of judgment made after verdict. It is said that in order to constitute the offense denounced by the statute it must appear that the accused juror actually received the promised reward.

It was the object of the statute to prevent corrupt interference with the due course of justice by prescribing punishment for both the party who offered a reward to induce the corrupt act and the party who in consideration of the promised reward acted corruptly.

Embracery, an attempt corruptly to influence a juror, regarded as an act striking at the foundation of civil society, an offense at common law (Bl. Com. Book 4, p. 140), was in this State first denounced as a crime by chapter 23, section 45, Acts of 1829, and subsequently by the Code of 1858.

Bribery, the prostitution of a public trust, the betrayal of public interests, the debasement of public duty, was also an offense indictable at common law and was declared a crime by chapter 23, section 44, Acts of 1829, and subsequently by the Code of 1858.

The common-law denunciation of embracery is the unlawful attempt to thwart justice by corrupt means, and of bribery the corrupt agreement based upon a reward offered as an inducement to the criminal conduct. *Watson* v. *State*, 39 Ohio St., 123-129.

The sound public policy of the common-law rules to prevent official corruption and the obstruction of justice are emphasized by Article V of the Code of 1858 under the title "Bribery and Embracery." This article purports to deal with the subject as an entirety. We quote only the provisions applicable and necessary to be seen for a proper disposition of the case:

"4799. Any person who corruptly gives, offers, or promises to any of the ministerial officers of the courts of law or chancery, or to any auditor, commissioner, juror, arbitrator, umpire, or referee, any gift, gratuity, or thing of value, with intent to bias the mind or influence the decision of such person in relation to any cause or matter pending in either of said courts, or before such person legally chosen or appointed, shall, on conviction, be imprisoned in the penitentiary not less than two nor more than five years.

"4800. For the conviction of a defendant charged with an offence under the preceding section, it is not necessary that such defendant should actually have been sworn or qualified at the time; but it is sufficient that he has been summoned, selected, or appointed according to law.

"4801. Any ministerial officer or other person mentioned in section 4799, who corruptly takes any thing to give his verdict, award, or report, or corruptly receives any gift or gratuity whatever, shall, on conviction, be imprisoned in the penitentiary not less than two nor more than five years.

"4807. If any person drawn, summoned, or sworn as a juror, make any promise or agreement to give a verdict for or against any person in any civil or criminal proceeding, or corruptly receive any paper, evidence, or information from any one in relation to any matter or cause, for the trial of which he is sworn, without the authority of the court or officer before whom such cause or matter is then pending, he is guilty of a misdemeanor."

The indictment charges that pursuant to a promise made by Creswell to pay a reward which was accepted and acted on that Osborn corruptly qualified as a juror in the case of *State* v. *Liggett* and in observance of the corrupt agreement voted for acquittal. The relation of his act to the merits of the case is not at all material. Looking to the statute we see that it denounces bribery and embracery with a clearly expressed design to prevent such corrupt acts designed to obstruct the due course of justice and calculated to bring its administration into disrepute.

It is immaterial that the money had not been paid under the promise and agreement which induced the corrupt act. The offense was complete upon the acceptance

of the promise of the gift by the juror and his corrupt action thereon. Cases in some jurisdictions hold the narrower view that the promise acted on by the official in expectation of receiving the promised benefit at a future time is not sufficient to support a conviction. Such a conclusion, if given, would impute to the statute designed to prevent official corruption the mere intention of depriving the corrupt official of the money or other thing of value rather than protect the public from the consequences of the criminal bargain. No such intention could be reasonably imputed to the makers of the statute when read, as it should be, in the light of the common law, and construed *in pari materia* with co-ordinate provisions of Article V of the Code. The statute penalizes the corrupt act and prescribes punishment for the person who promised the bribe and for the official or juror who accepts the promise and under its influence carries out, or is ready to carry out, the corrupt bargain.

██ It is insisted that the indictment embodies as an inclusive offense that prescribed by section 4807 and that the trial judge erred in omitting to charge this section. The offense under the later section is not related to the acts of embracery and bribery referred to in the preceding sections, but as the language implies it was designed to protect the jury system against the intrusions of friends and partisans of suitors who exercised their influence upon the jurors with the design to improperly influence them by means other than the giving of a bribe.

We find no prejudicial error in the charge. A careful review of the evidence discloses no preponderance against the verdict. Affirmed.