COMMONWEALTH *vs.* IRVING C. HAYES.

Hampden.   September 18, 1941. — February 25, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Bribery. Public Officer. Municipal Corporations*, Officers and agents. *Pleading, Criminal*, Indictment, Bill of particulars. *Evidence*, Extrinsic affecting writings, Relevancy and materiality.

Evidence that the chairman of a city board authorized to grant transportation licenses approached an applicant for a bus license, in substance called attention to the fact that he was on the board and stated that "everything is in my hands" and that, if the applicant did not sign an order for the purchase of a bus from a motor company for which he, the chairman, was a salesman, he was "all through

with that"; and that the applicant signed the order and gave the chairman a check payable to the motor company, as a result of which the chairman subsequently received a cash commission and credit on a drawing account, warranted a finding of a request and acceptance of a gift or gratuity in violation of § 8 of G. L. (Ter. Ed.) c. 268, and conviction under an indictment making that charge with a bill of particulars specifying in substance that the defendant had requested the applicant corporation to purchase the bus from and through the defendant and that as a result of the purchase the defendant received from his motor company the stated cash and credit; the Commonwealth was not limited to proof of a request for or acceptance of merely a promise to do an act beneficial to the defendant.

Although the provisions of a contract in writing between a salesman and a corporation did not entitle him to any commission for a certain kind of sale, the Commonwealth, at the trial of an indictment charging the agent with requesting and accepting a gratuity as a municipal officer in violation of § 8 of G. L. (Ter. Ed.) c. 268, was entitled to show that it was the custom of the corporation to pay a commission in case of such a sale and that, in procuring it in circumstances violating the statute, the salesman sought a commission and a credit on a drawing account.

An indictment charging a crime in the words of § 8 of G. L. (Ter. Ed.) c. 268 was sufficient, and a motion to quash it properly was denied.

At the trial of an indictment against a member of a municipal board for violation of § 8 of G. L. (Ter. Ed.) c. 268, in alleged corrupt dealings with one seeking a license from the board, evidence was admissible that, after the board had refused to grant the license, the defendant had suggested that the alleged briber seek another similar license.

INDICTMENT, found and returned on September 25, 1939. The case was heard by *Collins*, J., without a jury.

*J. F. Egan,* (*J. F. Hennessy* with him,) for the defendant.

*J. F. Kelly,* Assistant District Attorney, for the Commonwealth.

RONAN, J. The defendant, a member of the board of aldermen of Springfield, was charged with a violation of G. L. (Ter. Ed.) c. 268, § 8, in an indictment which, in the first count, alleged that he corruptly requested a gift or gratuity under an agreement or with an understanding that his vote would be given in a particular manner in a cause or proceeding that was or would be by law brought before him in his official capacity; and, in the second count, alleged that he accepted a gift or gratuity for the said purpose. The judge found the defendant guilty upon both counts. The assignments of error filed by the defendant

are based upon the denial of a motion to quash and a motion for a finding of not guilty, to the admission of evidence, and to the refusal to give certain requests for rulings.

The defendant was the chairman of the transportation board, consisting of two aldermen and three councilmen, which was authorized to grant licenses, subject to approval by the mayor, to carry passengers for hire in Springfield. One Shenas, an officer of the Yellow Cabs of Springfield, Inc., filed on February 25, 1936, an application for a license to carry passengers for hire to the race track in Agawam. A public hearing on this application was held by the board on April 8, 1936. The board voted on May 6, 1936, to grant the license by a vote of three in favor and two opposed. Hayes voted to grant the license. The mayor, however, refused to approve the issuance of a license and no license was ever issued. There was evidence that within a few days after the filing of the application the defendant, who on March 1, 1936, had entered into a salesman's agreement with Mack Motor Truck Company, saw Shenas and told him that he ought to have a motor bus; that Hayes within a few days again saw Shenas and had some papers, and told him that he would make a mistake if he did not then order a Mack bus, and when Shenas refused to sign the papers Hayes said: "You know who is on transportation board" here "and everything is in my hands"; that Hayes then called at the home of Shenas on April 13, 1936, and told him: "If you don't sign these papers, I am all through with that. . . . you sign these papers because you don't have no time for the bus to come in and I take care of you for the license." Shenas asked him to wait until he had secured the license. Hayes told him he was chairman of the board, and Shenas signed an order for a motor bus from the Mack Motor Truck Company, and gave Hayes a check in the amount of $367 payable to the company.[1] There was evidence to the contrary which it is not necessary to recite.

---

[1] There was further evidence that the defendant for procuring such order received from the Mack Motor Truck Company a commission of $50 and an additional credit of $150 to be applied in offset of a drawing account he had. — REPORTER.

The sixth assignment of error is based upon the refusal of the judge to give four requests for rulings which, although variously phrased, in effect sought a ruling that upon the indictment, the bill of particulars and the evidence the defendant was entitled to an acquittal. The indictment charges that the defendant requested and accepted a gift or gratuity, but it does not allege that he requested and accepted a promise to make a gift or to do an act beneficial to him. The bill of particulars, in answer to a motion asking the Commonwealth to describe the gift or gratuity and to state from whom it was requested and accepted and by whom it was paid, specified that the defendant requested William Shenas to purchase a Mack bus from and through the defendant and that as a result of the purchase the defendant, from the proceeds of the sale, received $50 from the motor company and a credit of $150 on his employment account.

The specifications on their face state the request of the defendant that Shenas purchase the motor vehicle and show that the subsequent action of Shenas in compliance with this request was, as between Shenas and himself, the consideration which Shenas was to furnish the defendant for his vote to grant the license. The defendant contends that the most that the testimony shows is that he requested and accepted from Shenas a promise to do an act beneficial to the defendant in order that the latter might receive a commission from the motor company and, that being all that the specifications disclose, that the Commonwealth was precluded from showing that the defendant requested or accepted anything but this commission, and that he could not be convicted upon proof that he received a commission from the motor company because the indictment does not charge him with requesting or accepting a promise from Shenas or from anyone to do an act beneficial to the defendant.

The purpose of the specifications in a criminal case is to give the defendant reasonable knowledge of the nature and character of the crime charged, and if the indictment does not fully, plainly, substantially and formally set out the offence charged in compliance with art. 12 of the Declara-

tion of Rights he is entitled as of right to a bill of particulars, *Commonwealth* v. *Kelley*, 184 Mass. 320; *Commonwealth* v. *Sinclair*, 195 Mass. 100; *Commonwealth* v. *Farmer*, 218 Mass. 507; and in cases where the indictment complies with this requirement of our Constitution but where the nature of the offence is such that the court in its discretion believes that in the interest of justice the defendant ought to be furnished with additional information as to the grounds which the Commonwealth contends constitute the offence and the method and means by which the alleged crime was committed, then the Commonwealth may be ordered to file a bill of particulars. G. L. (Ter. Ed.) c. 277, § 40. *Commonwealth* v. *Wood*, 4 Gray, 11. *Commonwealth* v. *Brothers*, 158 Mass. 200. *Commonwealth* v. *King*, 202 Mass. 379. *Commonwealth* v. *Mercier*, 257 Mass. 353. *Commonwealth* v. *Bartolini*, 299 Mass. 503. A party is bound by the specifications that he has furnished, and this applies to criminal proceedings and civil actions, *Commonwealth* v. *Giles*, 1 Gray, 466; *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144; *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, but the court may allow the bill of particulars to be amended. G. L. (Ter. Ed.) c. 277, § 40. *Powers* v. *Bergman*, 197 Mass. 39. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522. *Commonwealth* v. *Green*, 302 Mass. 547. *Commonwealth* v. *Albert*, 307 Mass. 239.

A defendant in a criminal proceeding is not entitled by a motion for a bill of particulars to secure a résumé of the evidence that the Commonwealth intends to introduce at the trial, or to have such motion treated in all respects as if it were a set of interrogatories. The function of a bill of particulars is to set out in detail that which is included in the allegations of a complaint or indictment. The extent to which the Commonwealth may be required to specify as to matters of detail rests in the sound judicial discretion of the judge. All that is required is that the indictment, read with the bill of particulars, be sufficient fully, plainly, substantially and formally to give the defendant reasonable knowledge of the crime with which he is charged. *Commonwealth* v. *Jordan*, 207 Mass. 259. *Commonwealth* v.

*Wakelin*, 230 Mass. 567. *Dolan* v. *Commonwealth*, 304 Mass. 325.

The specifications in the case at bar must be fairly construed. *Novash* v. *Crompton & Knowles Loom Works*, 304 Mass. 244. They set out the nature of the transaction upon which each count of the indictment is based. It is true that they do not contain each and every step that comprised the transaction and are little more than a brief outline of its general aspects. The defendant was apparently satisfied with them and he did not ask for further or more detailed information. The specifications set forth fully the demands made by the defendant. We do not think that the Commonwealth was prevented by the specifications from introducing evidence showing the details comprising the transaction described in the specifications. It could prove the circumstances under which the defendant solicited Shenas to purchase a motor vehicle, what the solicitation consisted of, and the subsequent execution and delivery of a purchase order by Shenas for the motor vehicle on April 13, 1936. And it being permissible under its specifications for the Commonwealth to prove these facts, we think that the Commonwealth, although it had specified that Hayes had received a commission and a credit from the motor company on account of the sale of the motor vehicle, was not precluded from contending that the request to Shenas and his subsequent delivery of the purchase order to Hayes were the request and acceptance by Hayes of a gift or gratuity from Shenas. It was undisputed that Shenas on April 13, 1936, had executed such an order in the presence of Hayes, although the evidence was conflicting as to whether the order was signed at the home of Shenas or at the office of the motor company. The defendant was not taken by surprise. His contention that it was not open to the Commonwealth to contend that the request to purchase and the subsequent written purchase order were the request and acceptance of a gift or gratuity rests upon too narrow a construction of the specifications. *Commonwealth* v. *Robertson*, 162 Mass. 90, 96. *Commonwealth* v. *Corcoran*, 252 Mass. 465, 488.

A gift or gratuity will not support an indictment for soliciting or accepting a bribe unless the thing requested or accepted was something of value to the person seeking or obtaining it. The acceptance of the order by the motor company was followed by the execution of a conditional sales contract by the purchaser and resulted in the payment of a commission to Hayes. The conduct of Hayes would justify a finding that he considered the order as valuable to him and it could be found to be a gratuity within the statute. *Commonwealth* v. *Donovan*, 170 Mass. 228. *In re Palliser*, 136 U. S. 257. *Caruthers* v. *State*, 74 Ala. 406. *State* v. *McDonald*, 106 Ind. 233. *State* v. *Ellis*, 4 Vroom, 102. *Watson* v. *State*, 39 Ohio St. 123. *Scott* v. *State*, 107 Ohio St. 475. *Osborn* v. *State*, 160 Tenn. 594. *Commonwealth* v. *Chapman*, 1 Va. Cas. 138. Therefore, it could have been found that Shenas had given something of value in consideration of Hayes voting to grant the application and there was no error in the refusal of the rulings comprised in this assignment of error. *Commonwealth* v. *Murray*, 135 Mass. 530. *Commonwealth* v. *Wotton*, 201 Mass. 81. *Commonwealth* v. *Hogan*, 249 Mass. 555. *Commonwealth* v. *Avery*, 301 Mass. 605. *Commonwealth* v. *Connolly*, 308 Mass. 481.

From what has been said, it is plain that there was no error in the fifth assignment, which was based upon the refusal of the judge to grant a motion (which we treat as a request, *Commonwealth* v. *Carter*, 306 Mass. 141) for a finding of not guilty; nor in the eleventh assignment of error relating to the refusal to rule that "demanding" Shenas to purchase a motor vehicle did not come within a gift or gratuity. The seventh assignment, attacking the refusal to rule that there was no evidence that Hayes prior to July 14, 1936, was entitled to anything in the way of a benefit or advantage from the sale of the motor vehicle; the tenth assignment, challenging the refusal to rule that the defendant got nothing on April 13, 1936, by the signing of the purchase order by Shenas; the twelfth assignment, relating to the denial of a request that Hayes was not entitled to a commission and to the denial of another

request that, if an offence is charged in the indictment, it must rest on that part of the statute prohibiting offering or promising to do an act beneficial to the official, do not demonstrate the commission of any error by the judge. No one was charged with making any offer to the defendant. There was evidence of a written contract between the motor company and the defendant in accordance with which the defendant was not entitled to any commission for the sale of a motor bus, but it also appeared in the evidence that, notwithstanding the terms of the contract, it was the custom of the company to pay a salesman for his efforts in selling a motor bus, and that what Hayes was working for in the sale of the motor vehicle was for a drawing account of $150 a month. The Commonwealth was not a party to the contract and it could show that a commission was generally paid on the sale of such a motor vehicle. *Guaranty Security Corp.* v. *Eastern Steamship Co.* 241 Mass. 120. *Tripp* v. *National Shawmut Bank of Boston,* 263 Mass. 505. *Simons* v. *Northeastern Finance Corp.* 271 Mass. 285. *Lamson & Co. (Inc.)* v. *Abrams,* 305 Mass. 238. The eighth assignment of error, to the refusal to rule that there was no evidence that the request to Shenas to sign the purchase order was a request of a gift or gratuity of value to the defendant, was not error for reasons already discussed. The ninth assignment was based upon the refusal to rule that there was no evidence to support a finding that the payments made to Hayes by the motor company were a gift or gratuity. The judge ruled that evidence of such payments had a probative bearing upon the question whether a gift or gratuity was sought by the defendant. The judge was right, for it could have been found, as already pointed out, that the money expected from the company furnished the motive for Hayes's conduct with Shenas. The thirteenth assignment of error attacks the denial of requests for rulings which, in substance, called for rulings upon parts of the evidence. The defendant was not entitled to any of them. *Commonwealth* v. *Feci,* 235 Mass. 562, 571. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47. *McNeil* v. *New York, New Haven & Hartford Railroad,* 282 Mass.

575. *Squires* v. *Fraska*, 301 Mass. 474. *Lakeville* v. *Cambridge*, 307 Mass. 433, 437.

The fourteenth assignment, based upon the statement by the judge that if the "foregoing rulings are . . . inconsistent with . . . findings of guilty . . . they are denied," calls for no further discussion other than that had in dealing with the specific requests.

The first and second assignments are based upon the denial of a motion to quash. The indictment charged the defendant in the words of the statute with the commission of an act denounced by the statute. The indictment was sufficient. *Commonwealth* v. *Prescott*, 151 Mass. 60. *Commonwealth* v. *Danziger*, 176 Mass. 290. *Commonwealth* v. *Dewhirst*, 190 Mass. 293.

The third assignment is to the admission of evidence that after the failure of Shenas's company to secure a license to operate a motor bus to Agawam, the defendant came to the office of Shenas. The latter complained that none of the defendant's promises had been realized. The defendant then said he had a better proposition than the Agawam route and suggested and prepared another application for a license to carry passengers to a section known as Sixteen Acres. The application was then filed with the transportation board. The defendant was charged with corruptly requesting and accepting a bribe, and the evidence of his conduct in reference to the second application was competent as bearing upon his intent in dealing with Shenas relative to the first application. *Williams* v. *Woodman*, 8 Pick. 78. *Thayer* v. *Thayer*, 101 Mass. 111. *Ryerson* v. *Abington*, 102 Mass. 526. *Whitney* v. *Leominster*, 136 Mass. 25. *Commonwealth* v. *Bean*, 137 Mass. 570. *Beacon Trust Co.* v. *Wright*, 288 Mass. 1. *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397. *Conroy* v. *Fall River Herald News Publishing Co.* 306 Mass. 488. *Skolnick* v. *East Boston Savings Bank*, 307 Mass. 1. *People* v. *O'Neil*, 109 N. Y. 251.

The fourth assignment of error is based upon the admission of evidence that the defendant requested Shenas to purchase a motor bus and later accepted an order for such

bus from Shenas, on the ground that, at most, this was evidence of a request and acceptance of a promise from Shenas to do an act beneficial to the defendant, and the defendant was not charged with the violation of the statute in that manner. See *State* v. *McDonald*, 106 Ind. 233. The judge correctly ruled that under this indictment no conviction could be had for corruptly requesting or accepting a promise to do any act beneficial to the defendant. The judge based his general finding of guilt upon an express finding that the defendant was guilty of requesting and accepting a gratuity. The alleged error, therefore, is without foundation since the defendant was not tried and convicted for requesting or accepting the promise to do an act beneficial to him, as contended by the defendant, but was convicted for corruptly requesting and accepting a gratuity.

Nothing here said is inconsistent with anything decided in *Commonwealth* v. *Albert*, 310 Mass. 811. Here it could have been found that the defendant accepted a gratuity, which was a tangible written token of present value, capable of manual delivery, and that Shenas fully complied with the demand of Hayes by the delivery of an executed order for the purchase of a motor vehicle. In the *Albert* case, however, all that the defendant demanded was an executory oral promise from Phelps to do something which if performed could have been found to be beneficial to the defendant.

                                        *Judgment affirmed.*