COMMONWEALTH *vs.* WILLIAM A. HURLEY.

Hampden.    January 7, 1942. — February 25, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Bribery.    Value.    Evidence,* Of value.

Conviction under an indictment charging offering a bribe to a municipal officer in violation of § 7 of G. L. (Ter. Ed.) c. 268, was warranted by evidence that the defendant was engaged in the insurance business, that, a few hours before his and other proposals for insurance were to be opened by a municipal board of three, he sent a telegram to one member thereof reading, "Before deciding please see" a second member, and a telegram to such second member reading, "Two and one half still good," that his conduct when police sought an explanation of the telegrams was equivocal and that he gave one of them an explanation which he later admitted to be false.

Proof of acceptance by a municipal officer of a bribe offered him is not necessary for conviction of the briber of violation of § 7 of G. L. (Ter. Ed.) c. 268.

Evidence of the circumstances in which a telegram, "Two and one half still good," was sent to a municipal officer by an alleged briber indicted for violation of § 7 of G. L. (Ter. Ed.) c. 268 warranted a finding of a definite offer of something of value which constituted a gift or gratuity.

INDICTMENT, found and returned on September 25, 1939.

The case was tried before *Collins*, J., and in this court was submitted on briefs.

*C. V. Ryan, Jr.*, for the defendant.

*T. F. Moriarty*, District Attorney, & *J. F. Kelly*, Assistant District Attorney, for the Commonwealth.

RONAN, J.   This appeal is based upon certain assignments of error to the refusal of the judge to direct a verdict for the defendant and to give certain requests for rulings at the trial, which resulted in a verdict of guilty, of an indictment charging the defendant with offering a bribe to a municipal officer.

The city property committee of the city of Springfield, which was composed of Alderman Barker and councilmen Curto and Brunton, advertised on July 7, 1938, for proposals for boiler insurance which were to be filed on or before five o'clock in the afternoon of July 21, 1938.   The defendant, who was engaged in the insurance business, submitted a bid.   Shortly after one o'clock on that afternoon, the defendant admittedly sent the following telegram to Barker: "Alderman Fred Barker   City Hall   Springfield   Before deciding please see Curto   Hurley."   Up in the right hand corner it bore the legend ("Don't fone").   At the same time he sent a telegram to Curto which read: "Councilman Curto   City Hall   Springfield Mass. — Two and one half still good.   Hurley."   This telegram also contained in the right hand corner the words ("don't fone").   There was evidence that the superintendent of public buildings found two telegrams on his desk after he returned from lunch in the middle of the afternoon; that Barker telephoned to him; that he opened the envelope and read the telegram addressed to Barker; that subsequently Barker came into the office and took the telegram; and that Curto came into the office later in the afternoon and the superintendent gave him the other telegram, which Curto opened and read. The bids were opened at the advertised time and the contract was awarded to a person other than the defendant. When interviewed by one Delay, a police officer, he was asked if he had sent any telegrams to the city property

committee and he replied that he did not know. He inquired of the officer if he had the telegram and the officer stated that he did not but he had the substance of what it contained. The defendant requested him to give its contents. When the officer informed him that it stated, "Offer still open. See Curto before voting," and was signed, "Hurley," the defendant said it sounded like a telegram that he sent Barker. He was then asked to give an explanation of the words "Offer still open," and he said that he had offered Barker his support for sheriff of Hampden County. In a second interview some two months later with Delay and another police officer, he was asked to give "a more plausible explanation for those telegrams than you did to Delay when he was over here." The defendant stated that he knew nothing; that he had talked too much already; that he did not know Delay when he first met him; and that the officers ought not to be wasting his time and the taxpayers' money. The defendant testified before the grand jury that he told Delay he had sent that telegram offering his support to Barker for sheriff, and that such an explanation was ridiculous.

The jury could find that the defendant was anxious to obtain the contract for the insurance; that he sent telegrams to two persons, who comprised a majority of the committee, a few hours before the bids were opened and the contract was awarded, informing one member that his offer of "Two and one half" was still good, and advising the second member to see the first member, apparently for the purpose of learning that the defendant's offer was still open; that these two members received the telegrams before they awarded the contract; and that in these circumstances the telegrams referred to this contract for boiler insurance. The jury could also consider the defendant's evasive and equivocal conduct with the police officers and the furnishing of an admittedly false explanation of his purpose in sending the telegram to Barker. They could properly infer that there was no reason for such conduct if the telegram referred to a straightforward, honest business transaction. *Commonwealth* v. *Devaney*, 182

Mass. 33. *Commonwealth* v. *Spezzaro,* 250 Mass. 454. *D'Arcangelo* v. *Tartar,* 265 Mass. 350. *Commonwealth* v. *Alba,* 271 Mass. 333. *Boston* v. *Santosuosso,* 307 Mass. 302, 349. Wigmore on Evidence, § 278.

The words of the telegrams were to be considered in the light of the circumstances in which they were sent. Although the specific and definite amount of the offer does not appear, the jury were warranted in finding that an offer was made to both Barker and Curto of an amount that the defendant had hoped was of sufficient value to influence them to take favorable action in awarding the contract. Proof of an offer of a gift or gratuity with this intent to the two municipal officers would constitute a violation of G. L. (Ter. Ed.) c. 268, § 7, upon which the indictment was based. The second assignment of error was based upon the denial of the defendant's motion for a directed verdict. The judge was right in submitting the case to the jury. *Commonwealth* v. *Murray,* 135 Mass. 530. *Commonwealth* v. *Lapham,* 156 Mass. 480. *Commonwealth* v. *Donovan,* 170 Mass. 228. *Commonwealth* v. *Hunt,* 216 Mass. 126. *Commonwealth* v. *Tsaffaras,* 250 Mass. 445. *Commonwealth* v. *Connolly,* 308 Mass. 481.

Of course, the failure of the municipal officers to accept the offer of the defendant and to join with him in executing a corrupt bargain is no defence. *Commonwealth* v. *Murray,* 135 Mass. 530. *Commonwealth* v. *Donovan,* 170 Mass. 228. *Commonwealth* v. *Tsaffaras,* 250 Mass. 445.

In view of what has been said it needs but little discussion to dispose of the three remaining assignments of error, i.e., the fourth, fifth and sixth. They are based upon the judge's refusal to give rulings that the words of the telegrams were too vague and indefinite to warrant an inference that they described a gift or gratuity or disclosed the specific nature of such a gift or gratuity. The plain import of the telegram to Curto was that a previous offer of "Two and one half" was still open. It could hardly be supposed that the defendant was sending a message to Curto that he would be unable to understand or to convey to Barker when the latter, in pursuance of the defendant's direction,

should consult with Curto in reference to the defendant's offer to the latter. It was for the jury to infer what was meant by the expression "Two and one half" in the setting in which it was employed by the defendant. *Goodrich* v. *Davis,* 11 Met. 473. *Leonard* v. *Allen,* 11 Cush. 241. *Thomas* v. *Blasdale,* 147 Mass. 438. *Commonwealth* v. *Enwright,* 259 Mass. 152. *Commonwealth* v. *Canter,* 269 Mass. 359. Where the defendant was alleged to have made an offer to a sheriff to bribe a juror in which he stated to the sheriff that "I have got fifty for you," it was held that the jury could infer that $50 was the amount intended by the defendant. *Fenwick* v. *State,* 200 Ind. 460. *Commonwealth* v. *Petroff,* 2 Pears. 534.

Moreover, the jury could find that the defendant offered something of value, and they could reasonably infer that the defendant considered it of sufficient value to accomplish his purpose. That is all that was required on the issue of value. *Commonwealth* v. *Donovan,* 170 Mass. 228. *Caruthers* v. *State,* 74 Ala. 406. *People* v. *Borella,* 362 Ill. 218. *State* v. *McDonald,* 106 Ind. 233. *State* v. *Ellis,* 4 Vroom, 102. *People* v. *Willis,* 24 Misc. (N. Y.) 549. *Watson* v. *State,* 39 Ohio St. 123. *Osborn* v. *State,* 160 Tenn. 594.

*Judgment affirmed.*