61 So.2d 649 (1952)
ZALLA
v.
STATE.
Supreme Court of Florida, Special Division A.
November 21, 1952.
Rehearing Denied December 17, 1952.
*650 Sam E. Murrell and Sam E. Murrell, Jr., Orlando, for appellant.
Richard W. Ervin, Atty. Gen. and Reeves Bowen, Asst. Atty. Gen., for appellee.
WHITE, Associate Justice.
This is an appeal from a judgment of conviction and sentence for "attempted bribery". See Statute, F.S.A. § 838.01.
At the outset, appellant argues that the information upon which he was convicted is insufficient to state an offense under the statute. The information charges:
"that Morris Zalla, of the County of Orange and State of Florida, on the 14th day of July in the year of our Lord one thousand nine hundred and fifty-one, in the County and State aforesaid, Then and there knowing D.H. Jackson and Jimmy Bowen to be police officers of the City of Orlando, Orange County, Florida, did then and *651 there corruptly and unlawfully offer and promise to the said D.H. Jackson and Jimmy Bowen, police officers as aforesaid, a certain gift and gratuity with intent to influence the acts of the said D.H. Jackson and Jimmy Bowen on a certain matter which might be by law brought before the said D.H. Jackson and Jimmy Bowen in their official capacities, that is to say: the said Morris Zalla did then and there corruptly and unlawfully offer and promise to take out a certain number in a certain lottery commonly known as Cuba, a better description of said lottery being to your informant unknown, each week for each of the said officers and to guarantee that the said number would come out and be the winning numbers at least three or four times each month and to give to the said D.H. Jackson and Jimmy Bowen, officers as aforesaid, the money received from the said winning numbers, which would amount to approximately $70.00 per officer per week, all of same being a thing of value and of the value of approximately $70.00 per week to each of said officers, to influence the said D.H. Jackson and Jimmy Bowen to permit the said Morris Zalla to sell Bolita and Cuba unlawfully in Orlando, Orange County, Florida, without interference from the said D.H. Jackson and Jimmy Bowen in their official capacities, Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
The first point made by appellant regarding the sufficiency of the information is that "it affirmatively appears upon its face that there was nothing of value offered to" the police officers. He argues that gambling contracts are void and that lottery prizes are illegal; that a promise to take out a lottery ticket could not be anything of value. Appellant relies upon Brunson v. State, 70 Fla. 387, 70 So. 390, 392, wherein it was held that an information for bribery "must allege that something of value was given, promised, or received, though it is not necessary to insert a description of the thing offered; all that is essential being an allegation that it was of value".
It is readily seen that the information in the case at bar meets that requirement. It states: "* * * all of same being a thing of value and of the value of approximately $70.00 per week * * *" etc.
The gist of the offense of "attempted bribery" is the criminal intent to undermine the proper and orderly administration of justice. The law punishes an offer which is calculated to debase. The corpus delicti is the corrupt intent. 8 Am.Jr. page 891, Sec. 10; Ford v. Commonwealth, 1941, 177 Va. 889, 15 S.E.2d 50; Commonwealth v. Baker, 1941, 146 Pa.Super. 559, 22 A.2d 602; Anno. 52 A.L.R. page 821.
An expression of an ability to produce a bribe is sufficient to complete the offense. 11 C.J.S., Bribery § 6, p. 858.
The offer by appellant "to guarantee that the said number would come out and be the winning numbers" was an expression of an ability to produce a bribe. If made as charged in the information, appellant must have considered it of sufficient value at the time to influence the police officers. He is in no position to insist now that his "guarantee" was worthless. Commonwealth v. Hurley, 1942, 311 Mass. 78, 40 N.E.2d 258.
Appellant makes the further point that the information was insufficient because it "did not allege that D.H. Jackson and Jimmy Bowen were police officers of the City of Orlando, Florida, as required by Section 838.01, F.S.A.".
The information describes the individuals in question as "police officers as aforesaid". The expression "as aforesaid" refers to the previous phrase: "D.H. Jackson and Jimmy Bowen to be police officers of the City of Orlando, Orange County, Florida". Thus, they are sufficiently identified as municipal officers, officials or employees, described in the statute.
It is also insisted that the information is defective in that "there is no allegation that Jackson and Bowen were authorized to permit the defendant to sell Bolita and Cuba in Orlando, Florida." In support *652 of the point, appellant cites Streeter v. State, 89 Fla. 400, 104 So. 858, 859. In that case the information charged that defendant offered a police officer a sum of money "to influence him in his official capacity as such police officer in a matter which was then before him in his official capacity". (Italics added.) At the trial it appeared that there was then nothing pending before the officer; that the bribe was offered to purchase immunity from arrest for offenses to take place in the future. It was held that there was a variance between the allegata and probata. Thus, that case has no bearing on the present argument. In the case at bar, the information charges that the offer was made by defendant to influence the police officers regarding matters "which might be by law brought before" them, and "to influence the said (police officers) to permit the said (defendant) to sell Bolita and Cuba unlawfully in Orlando, Orange County, Florida, without interference from (the police officers) in their official capacities." (Italics added.) The allegations of the information in this regard are entirely adequate.
Next it is urged upon this Court that the evidence is insufficient to support the verdict.
It is the oft-repeated rule that upon such an assignment of error, the appellate court merely examines the record with the view of determining whether or not "substantial evidence" to support the verdict is present. The verdict stands if evidence of that character is to be found. The appellate court may not substitute its views for those of the jury. The jury is the judge of the weight of testimony and the credibility of the witnesses. If "substantial evidence" is lacking, then it becomes the duty of the appellate court to vacate the verdict and order a new trial. When the record here is analyzed with those principles in mind, the following is found:
Officer Bowen testified that he and Officer Jackson went to Zalla's place of business and that Jackson placed Zalla under arrest for having lottery tickets in his possession. What occurred next is described by Bowen as follows:
"He (Zalla) called me to the side and said: `I have been wanting to talk to you for a long time, but have been afraid to approach you', he says, `you have always been mighty nice to me, and I want to do something for you', and I told him I always tried to treat everybody all right, and he says: `I want to do you a favor', and I said, `what do you want to do?' He says: `I want to play you a number on Cuba, and it won't cost you anything.' And I said: `I won't accept it', and he said: `I want to do something for you and Jackson both', he says, `I will play you a number each week, and I guarantee you a hit'. I said `Morris, you are in the wrong business. You can do what you want to, but I will try to catch you as long as you are in this business and I am an officer', so I turned around and started to leave, and Morris said: `Whenever you change your mind, will you let me know', and I said: `If I ever change my mind, I will you know, (sic) but I am not going to change it'".
Bowen further testified that Zalla said he would place $1 a week and would guarantee the police officer "a hit" each week; that in return for his "picking this hit each week" Zalla wanted the officers to leave him alone; that Zalla told him "we could look the other way"; that Zalla said "he wanted to play a number for me at $1.00 a week" on "Bolita or Cuba", and that "he would guarantee I would get a hit each week"; that Zalla said to the witness: "that I could look the other way" and that "nobody would ever at any time know about it"; that "he (Zalla) would expect to be caught once in awhile to make it look all right".
Bowen testified that Zalla did not say what the "hit" would amount to, but the witness explained that "a hit" on a play of $1 on a number "would be $70.00".
In the light of the principles of law previously mentioned, it is contrary to logic and good sense to argue that testimony of that character, if believed to be true, is insufficient to support a finding by a jury *653 of reasonable men of guilt upon the charge made in the information here in question.
It is immaterial that the value of the "gift or gratuity" may be shown to be different from that stated in the information. See Brunson v. State, supra.
Appellant's further contention that there was a variance between the allegata and probata is answered in the same manner.
The last point made by appellant is that the lower court erred in permitting the police officers to testify, over his objection, that they had arrested appellant on previous occasions "for selling Cuba and Bolita numbers".
It is the rule, of course, "that evidence which in any manner shows or tends to show that the accused has committed another crime independent of that for which he is on trial, is inadmissible". But, there are exceptions and one of them relates to the admissibility of such evidence to show motive or intent. See 2 Wigmore on Evidence, 3d Ed., page 247, Sec. 343; Talley v. State, 160 Fla. 593, 36 So.2d 201; Cf. Padgett v. State, Fla., 1951, 53 So.2d 106; and Smith v. State, Fla., 1951, 54 So.2d 37.
The charge in the instant case is that appellant offered a bribe to certain police officers to influence them to permit appellant to sell "Bolita and Cuba" unlawfully, without interference from the officers. The fact that the police officers had arrested appellant on previous occasions would be evidence of motive and intent on the latter's part to offer the bribe. Hence, the evidence was admissible.
All Assignments of Error argued by appellant have been answered contrary to his contentions.
Affirmed.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.