COMMONWEALTH *vs.* HAROLD NORTON.

Suffolk. October 5, 1959. — October 29, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Pleading, Criminal,* Bill of particulars. *Evidence,* Corroborative evidence, Letter.

No abuse of discretion appeared in denial of a motion for particulars as to the exact time, place and means of commission of a robbery while armed charged in an indictment in the statutory form. [593]

At the trial of an indictment for robbery of money and checks taken away by the robber in a bag, evidence that when the bag was found in woods some months after the robbery it contained, besides some of the checks, a letter postmarked shortly before the robbery and addressed to the defendant's wife at the address where he and she lived was admissible as corroborating other evidence identifying the defendant as the robber. [594]

INDICTMENT found and returned on June 25, 1957.

A motion for particulars was denied in the Superior Court by *Morton,* J. The case was tried before *Smith,* J.

*Lawrence F. O'Donnell,* (*James P. Dillon* with him,) for the defendant.

*Lawrence L. Cameron,* Assistant District Attorney, for the Commonwealth.

WILLIAMS, J. This is an appeal under G. L. c. 278, §§ 33A–33G, as amended, from a conviction of armed robbery. The indictment charged that on October 20, 1956, the defendant, being armed with a dangerous weapon, to wit: a revolver, "did assault James Borland with intent to rob him, and thereby did rob and steal from the person of the said James

Borland money . . . of the value . . . of two thousand seven hundred and eight dollars, and certain pieces of paper, to wit: checks, of the value of five dollars, of the property of the Boston Lying-in Hospital, a corporation."

The defendant has argued three assignments of error. The first assignment is to the denial of a motion for particulars as to the exact time when and the exact place where the offence is said to have occurred, and the manner and means by which the said offence is alleged to have been committed. There was no error in the denial of this motion. The indictment was in the form stated to be sufficient by G. L. c. 277, § 79. See G. L. c. 265, §§ 18, 19. It was adequate to afford the defendant reasonable knowledge of the nature and grounds of the offence charged, and the furnishing of further information in the form of particulars was within the discretion of the judge. G. L. c. 277, § 40. *Commonwealth* v. *Snell*, 189 Mass. 12, 17–18. *Commonwealth* v. *Hayes*, 311 Mass. 21, 25. *Commonwealth* v. *Giacomazza*, 311 Mass. 456, 461.

There was evidence that shortly before 9 A.M. on October 20, 1956, the defendant, wearing a woman's red coat and a white kerchief tied over his head, entered the cashier's office of the Boston Lying-In Hospital on Longwood Avenue in Boston. James Borland, the cashier, and two women clerks were in the office. The defendant was armed with a revolver and demanded from Borland the deposit which had been made up to be taken by Brink's to the Boston Safe Deposit & Trust Company. Borland took from the safe a bag containing checks payable to the hospital, cash in the amount of $2,863.77, and a smaller bag tagged with the name "Boston Lying-In Hospital" containing coins in the amount of $232. Induced by fear, he gave the large bag with its contents to the defendant who took them away. See *Commonwealth* v. *Novicki*, 324 Mass. 461, 464.

On February 24, 1957, this bag was found in a wooded area of Westwood. It contained many of the hospital checks and the smaller bag with the hospital tag. Underneath the

checks was a letter addressed to Angela J. Norton, 11 Wyola Place, Dorchester, Boston.  On the envelope was a return address "Division of Civil Service, State House, Boston 33, Massachusetts."  The letter was postmarked October 9, 1956.  It was a notification to the addressee of her appointment to a position for which she had applied.

The second assignment of error is to the admission of this letter.  The judge first admitted it as a part of the contents of the stolen bag stating that so far as it was admissible to show a connection between Angela J. Norton and the defendant it would depend on whether it was shown that Angela was the defendant's wife.  The bag and contents were marked "Exhibit No. 5."  Later, it being conceded by the defendant that Angela was his wife and that they lived at 11 Wyola Place, the letter was marked as a separate exhibit. The bag and its contents plainly were admissible as evidence of the circumstances attending the robbery.  *Commonwealth* v. *Durkin,* 257 Mass. 426, 428.

Standing alone the letter doubtless was not sufficient to establish the defendant's guilt.  But he was identified by Borland and one of the clerks as the man who took away the bag and the letter was admissible as corroborating evidence of his connection with the robbery.  It presumably had been received by Mrs. Norton in due course shortly after October 9, 1956, the date of the postmark.  *Huntley* v. *Whittier,* 105 Mass. 391, 392–393.  *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508, 509–510.  On receipt it became her property and must have been deposited or dropped in the bag by her or by someone to whom both bag and letter were accessible.  Its presence there supported other evidence as to the possession of the bag by the defendant.

The third assignment of error is to the failure of the judge to instruct the jury as requested that they "cannot infer any guilt of defendant because of the notice from the Civil Service Commission to his wife."  We assume that the defendant intended reference not to the notice itself but to its presence in the bag.

For reasons stated there was no error in failing to give this instruction. The fact of the notice or letter being in the bag tended to corroborate other evidence identifying the defendant as the person who took the bag from the hospital.

*Judgment affirmed.*