McNULTY, Chief Judge.
The state appeals the dismissal of Count I of an information which charges appellee with bribing or attempting to bribe certain police officers to refrain from arresting him for unlawful gambling activities not yet then committed but intended in futuro. The order of dismissal was expressly predicated on Nell v. State.[1] We do not agree that Nell controls the factual situation in the case at bar and reverse.
The principal issue in that case was the construction of an element of the offense of bribery under the statute[2], viz, the intent to influence the official action of the person to whom the bribe is offered. Accordingly, the court was primarily concerned with whether or not the matter sought to be influenced therein fell within the scope of the public officer’s official duties; and in resolving that issue the court relied in part on Streeter v. State.[3] Apparently the trial court here construed Nell as interpreting the Streeter case to mean that bribery would not lie unless the official action sought to be influenced related to a matter then pending before the public officer to whom the bribe is offered at the time the offer is made. We do not so construe Nell.
Clearly, the express holding of Streeter was that a conviction, based on an information charging that the act to be influenced related to an offense already committed, could not be sustained when the proof established that the offense was to be committed in futuro. In short, there was a fatal variance between the pleading and proof; and Nell recognized this.[4]
We believe Zalla v. State[5] is more in point and, in fact, controls here. It was therein squarely held that an information alleging a bribe was offered to induce police officers to refrain from interfering in the defendant’s future gambling activities stated an offense. Future unlawful activity is thus a matter which might by law be brought before the officers in their official capacity and may be the object of- the bribe.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded with directions to reinstate the stricken Count I.
HOBSON and GRIMES, JJ-, concur.

. (Fla.1973), 277 So.2d 1.

. Section 838.011, F.S.1973.

. (1925) 89 Fla. 400, 104 So. 858.

. Note 1 at p. 6.

. (Fla.1952), 61 So.2d 649.